RENN v. RENN.

1. DIVORCE—OVERDUE ALIMONY—FINDING OF TRIAL COURT.
   Trial court's finding as to amount of overdue alimony for support of child is accepted as correct where, although record does not disclose how the figure was arrived at, no objection thereto is made in plaintiff wife's statement of reasons and grounds for appeal in her proceeding to have defendant adjudged guilty of contempt.

2. SAME—SUPPORT OF CHILD—MODIFICATION OF DECREE.
   Under record showing both parties considered award of $75 monthly alimony provision as intended for the support of their child and that plaintiff now has a substantial independent income, decree permitting any use of it for plaintiff wife was properly modified to limit use of such money for the child until she should reach 18 or until the further order of the court.

3. SAME—SUPPORT OF CHILD—CHANGE OF CIRCUMSTANCES—REMARRIAGE—ADOPTION OF CHILDREN.
   Subsequent remarriage of husband and his adoption of two children is not such a change of circumstances as may be considered in connection with his petition for reduction of $75 monthly award for support of child of the divorced parents.

4. SAME—SUPPORT OF CHILD—CHANGE OF CIRCUMSTANCES—INDEPENDENT INCOME OF WIFE.

Fact that divorced wife now has a substantial independent income is not such a change of circumstance as to enure to husband's benefit by diminishing his obligation to support his child.

5. SAME—SUPPORT OF CHILD—INCREASE IN WAGES AND INCOME TAX.

Where it appears that husband's wages were $333 per month at time of divorce and are now $450 monthly, his unsupported statement that his increased income tax payment left him with no more net income did not justify reduction of amount of award for support of child from $75 to $50 a month.

6. SAME—SUPPORT OF CHILD—MONTHLY PAYMENT OF ARREARAGE.

Where trial court found defendant was $1,987.75 in arrears in payment of alimony for support of child but required payment thereof at rate of only $10 a month, such order is modified to require payment of $25 a month until child reached age of 18 years, after which $75 monthly award for support ceased, the arrearage payment was then increased to $100 a month until entire amount was paid.

7. SAME—SUPPORT OF CHILD—PAYMENT OF ARREARAGE.

Where divorced wife has been required to maintain child out of her own income while husband was in default in such payments, payments of arrearage belong to her.

Appeal from Saginaw; Holland (Robert T.), J. Submitted April 10, 1947. (Docket No. 57, Calendar No. 43,688.) Decided May 16, 1947.

Divorce proceedings by Ruth C. Renn against Joseph M. Renn. On petition to have defendant adjudged guilty of contempt and for modification of decree. Order amending decree. Plaintiff appeals. Reversed and remanded for further proceedings.

*Louis Rosenzweig,* for plaintiff.

*Otto & Otto,* for defendant.

DETHMERS, J. By decree entered January 20, 1941, plaintiff was granted a divorce from defendant and awarded the custody of the minor child of the parties, Ruth Ann Renn. The decree required defendant to pay plaintiff $75 per month, commencing on the date of the decree, "for the support and maintenance of plaintiff and Ruth Ann Renn, the minor child of the parties," until said child should become 18 years of age.

On May 28, 1946, plaintiff filed a petition alleging that defendant was in arrears on alimony payments in the amount of $2,774 and praying for an order to show cause why the defendant should not be adjudged in contempt of court for failure to pay alimony as required by the decree. Defendant filed an answer and also a petition for modification of the decree praying that it be amended so as to provide a definite amount to be paid for the support of the child only, without provision for support of the plaintiff, and that all claims for alimony in arrears be cancelled and held for naught, and alleging as ground therefor the claim that he had consented to the provisions of the decree, before it was entered, with the understanding that the alimony provision was for the benefit of the child only and not for plaintiff.

After crediting defendant with payments not appearing in plaintiff's records and also for periods when the child was living with the defendant, the trial court found that defendant was in default to the extent of $1,987.75. While it does not appear from the court's opinion or elsewhere in the record how this figure was arrived at, no objection thereto is made in plaintiff's statement of reasons and grounds for appeal. The finding in that respect will, therefore, be accepted as correct.

The testimony discloses that at the time of entry of the decree defendant's income consisted of wages in the amount of $333 per month and plaintiff had no income whatever. At the time of the hearing plaintiff's income consisted of wages amounting to $175 per month and defendant's income consisted of wages in the amount of $450 per month and $55 per month rental from a two-family apartment, which he also occupied, and which he was buying on terms requiring payments of $85 per month. Since the decree defendant remarried and adopted two small children.

Apparently because the decree failed to specify what portion of the $75 monthly alimony was for the support of plaintiff and what portion for the child, the trial court, in accord with defendant's petition for modification, ordered the decree modified so as to require defendant thereafter to pay alimony in the amount of $50 per month for the care and maintenance of the minor child. The court also entered an order requiring defendant to pay up the arrears in alimony at the rate of $10 per month.

Plaintiff appeals on the ground that there was no showing of such change of circumstances since entry of the decree as to warrant the modification thereof and the reduction of alimony requirements, and on the further ground that the court erred and was guilty of an abuse of discretion, under all the circumstances of the case, in failing to find defendant guilty of contempt and permitting him to pay the arrears in alimony at the meager rate of $10 per month.

Defendant testified that when the proposed decree had been drawn by plaintiff's counsel it was examined by defendant and his attorney and found to contain a provision for $75 per month alimony for

the support of plaintiff and the minor child; that defendant objected to the provision therein for plaintiff; that in response to his objection the proposed decree was amended by providing therein that such alimony was required to be paid only until said child should reach the age of 18; that this led him to believe the $75 monthly alimony was to be only for the support of the child and that, in consequence, he approved the wording of the decree as entered and as hereinbefore set forth. Defendant thereafter made no objections to the provisions of the decree until he was brought into court on contempt proceedings. The plaintiff testified that she has spent more than $75 per month for the care and maintenance of the child. It is apparent, therefore, that both parties considered or treated the $75 monthly alimony provision as being for the benefit of the child only. In view of these facts and the indefiniteness of the decree in that respect and of the further fact that plaintiff now has substantial independent income and testified that she desired none of the future alimony for herself the trial court properly ordered the decree to be modified and amended to the extent of striking therefrom the provision that any of said alimony shall be for the support and maintenance of plaintiff and causing it to require monthly payments by defendant to the Saginaw county clerk, said sums in turn to be paid by the clerk to the plaintiff, for the support and maintenance of the child until said child shall reach the age of 18 years or until the further order of the court. While defendant's claims as to what he thought the decree meant when entered, in the absence of any showing of fraud, are not decisive of what ought now to be done on the petition for modification, it is, nevertheless, to be observed that the decree when amended to the extent last above men-

tioned will, without any reduction in amount of alimony, square with what defendant claims he understood the decree to mean at the time he approved it and permitted it to be entered without contest.

There is no showing of such change of circumstance as to warrant a reduction of the $75 monthly alimony requirement. Defendant points to the fact that he has remarried and adopted two children. He contends that the increased cost of living and the larger income tax on his increased income serve to leave him with less purchasing power than at the time of the decree and also that the $75 alimony provision was excessive from the very outset. For these reasons and because plaintiff now has an income of $175 per month, defendant urges that the decree should be modified so as to reduce the alimony requirement. His subsequent remarriage and adoption of two children is not such change of circumstance as may be considered in this connection. As this Court said in *Christensen* v. *Christensen,* 295 Mich. 203, in which we reversed the trial court's order modifying the decree of divorce:

"Defendant's remarriage was not such a change of circumstances as to warrant the court's order. *Smith* v. *Smith,* 139 Mich. 133; *Kelly* v. *Kelly,* 194 Mich. 94; *Foltz* v. *Foltz,* 281 Mich. 179."

The fact that plaintiff now has an income does not enure to defendant's benefit, as a change of circumstances diminishing his obligation to support his child. Applicable here is the language of this Court in the case of *Harter* v. *Harter,* 307 Mich. 258, as follows:

"Briefly summarized, it can be said that defendant's financial position has improved considerably over what it was at the time the divorce was

granted. His remarriage was not such a change of circumstances as to call for modification of the decree, and on the record in this case he is not entitled to relief merely because of the recent employment of plaintiff. *Christensen* v. *Christensen,* 295 Mich. 203."

Aside from the $55 monthly rental which defendant is collecting and applying on the purchase price of an apartment house which he occupies with his new family, defendant's wages have increased since the entry of the decree from $333 to $450 per month. We are unimpressed by defendant's testimony, unsupported by other proofs, to the effect that his increased income tax payment leaves him with a net income no greater than at the time of the decree. The increased cost of living affects plaintiff as adversely as it does defendant and applies with equal force to the cost of maintaining the child. The decree, therefore, should not be modified to decrease the alimony requirements below $75 per month.

In view of the defendant's improved financial condition, as above noted, we are impressed that the trial court was in error in requiring defendant to pay but $10 per month on arrears in alimony which, at that rate, would require over 16 years for payment. The decree should be amended to require defendant to pay to the Saginaw county clerk, for repayment by said clerk to the plaintiff, the sum of $25 per month on the arrears until the child shall reach the age of 18 years, at which time the $75 monthly alimony payments cease under the decree, and thereafter $100 per month on such arrears until they shall have been paid in full. These payments on the arrears properly belong to plaintiff inasmuch as defendant's default in respect thereto necessitated plaintiff's paying the cost of the child's maintenance out of her own income.

A decree may be taken in this Court in accord herewith and providing for the remand of the case to the circuit court with jurisdiction to take such further proceedings in the case as may from time to time, to that court, seem just and proper.

Costs in both courts are awarded to plaintiff.

CARR C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.