HENSINGER *v.* HENSINGER.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—MODIFICATION OF DECREE.

The circuit court has jurisdiction to modify a decree as to support allowed wife and child in suit for separate maintenance but there must be a change in the condition of the parties since the decree to justify the modification (CL 1948, § 552.-28).

2. SAME—SEPARATE MAINTENANCE—MODIFICATION OF DECREE—REMARRIAGE OF HUSBAND—WIFE'S EARNING CAPACITY.

Husband will not be relieved, even in part, of his obligation to support wife, as contained in decree for separate maintenance, where his salary is substantially the same now as when decree was entered, notwithstanding he has subsequently remarried after obtaining a decree of divorce in Nevada and incurred new family obligations and plaintiff wife is making an effort to earn some money.

3. APPEAL AND ERROR—NEVADA DIVORCE DECREE—SEPARATE MAINTENANCE—QUESTIONS REVIEWABLE.

Effect of Nevada decree of divorce, granted to defendant husband after decree of separate maintenance had been granted to wife in this State is not considered, where no question has been raised with respect thereto.

Appeal from Jackson; Simpson (John), J. Submitted June 4, 1952. (Docket No. 20, Calendar No. 45,424.) Decided September 3, 1952. Rehearing denied October 15, 1952.

Separate maintenance proceedings between Mary Hensinger and Kenneth Hensinger. On petition of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur, Divorce and Separation §§ 643, 703.

defendant for modification of decree relating to alimony. Petition denied. Defendant appeals. Affirmed.

*Kelly & Kelly,* for plaintiff.

*Haskell L. Nichols,* for defendant.

Bushnell, J. On January 5, 1948, we reversed a decree of the circuit court of Jackson county, and granted plaintiff Mary Hensinger a decree of separate maintenance. Defendant Kenneth Hensinger was ordered to pay $80 per month for the support of his wife and their minor child. See *Hensinger* v. *Hensinger,* 319 Mich 645. About a year later, Hensinger went to Nevada, secured a decree of divorce, and married another person the following February. Under the Nevada decree he was ordered to pay $40 per month for the support of his minor child. He now has another child by reason of his remarriage, and his present wife has 2 children by a former marriage.

On August 2, 1949, he filed a petition in the circuit court of Jackson county to modify the decree, which was entered here. This petition was denied and he has appealed. He claims in an amended petition that he has been suffering from low blood pressure and sugar diabetes, and has been unemployed for several periods. He is now earning about $70 per week. Since filing his petition he has only been paying the alimony ordered in the Nevada decree. He claims that Mary Hensinger, plaintiff herein, is employed, and she admits that she earns about $170 per month as a nurse.

The circuit court of Jackson county has jurisdiction to modify the decree. CL 1948, § 552.28 (Stat Ann § 25.106). However, there must be a change in the condition of the parties since the decree to jus-

tify the modification of the provision for alimony. *Foltz* v. *Foltz*, 281 Mich 179, and *Rowe* v. *Rowe*, 291 Mich 451.

Hensinger's income is approximately the same as it was when the decree was entered here, and his remarriage and new family obligations are not such a change in circumstances as to warrant a modification of the decree. *Christensen* v. *Christensen*, 295 Mich 203; and *Renn* v. *Renn*, 318 Mich 230, 235. Nor does his wife's effort to earn money relieve him from his obligation. *Christensen* v. *Christensen*, *supra*, and *Harter* v. *Harter*, 307 Mich 258.

No question has been raised as to the effect of the Nevada decree of divorce upon the decree of separate maintenance entered here. The order of the trial court denying Hensinger's petition for modification of the decree is affirmed. Costs to appellee.

DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.