SCHNEIDER *v.* SCHNEIDER

1. DIVORCE—CHILD SUPPORT—FACTORS—ABILITY TO PAY.

A defendant's ability to pay is one of the factors to be considered in determining the amount of child support to be awarded.

2. DIVORCE—CHILD SUPPORT—INCREASE OF PAYMENTS—DEFENDANT'S REMARRIAGE.

Giving consideration to the defendant's remarriage and the obligations which resulted from the birth of one child of that marriage and the anticipation of another child was not error where the court was deciding whether to increase child support payments by defendant specified in a judgment of divorce.

Appeal from Washtenaw, Robert W. McIntyre, J. Submitted Division 2 January 5, 1971, at Lansing. (Docket No. 7423.) Decided January 25, 1971.

Complaint by Vera C. Schneider against William E. Schneider for divorce. Judgment of divorce granted plaintiff. Plaintiff moved for an increase in support payments. Motion granted in part. Plaintiff appeals. Affirmed.

*Douvan, Harrington & Carpenter,* for plaintiff.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 839–842.

[2] 24 Am Jur 2d, Divorce and Separation § 849.

Remarriage of parent as basis for modification of child support provisions of divorce decree. 89 ALR2d 110.

Per Curiam. Plaintiff petitioned the trial court for an increase of child support payments specified in a judgment of divorce and for an order requiring defendant to pay for certain orthodontic work allegedly required by one of the children. The trial court granted an increase of $2 per week per child in the support payments but declined to order defendant to pay for the orthodontic work. On leave granted, plaintiff appeals.

In determining the amount of increase in child support payments, the trial court gave consideration to the facts that defendant had remarried, had one child by the remarriage, and expected a second child therefrom. Plaintiff contends this was error and cites *Renn* v. *Renn* (1947), 318 Mich 230, and *Hensinger* v. *Hensinger* (1952), 334 Mich 344. Neither case is authority for plaintiff's contention. Both cases held that the husband's remarriage and the obligations arising therefrom were not basis for reducing support payments.

In the present case, the trial court considered these factors in determining how much more defendant could pay. His ability to pay is one of the factors considered in determining the amount of child support awarded. *Herpolsheimer* v. *Herpolsheimer* (1947), 318 Mich 200.

The record before the trial court did not establish the necessity for the orthodontic work. It was not error to deny plaintiff's petition with respect to payment for this prospective dental work.

Affirmed but without costs, defendant not having filed a brief.