RUTLEDGE v RUTLEDGE

Docket No. 78-2863. Submitted February 7, 1980, at Detroit.—Decided April 3, 1980.

Plaintiff, Cassandra Rutledge, and defendant, Charles Rutledge, were divorced in the Wayne Circuit Court. Custody of the parties' minor child was awarded to plaintiff, and defendant was ordered to pay $58 per week child support. At the time of that order, defendant worked for the Legal Aid and State Defender's Office and earned approximately $24,000 per year. In 1978, defendant voluntarily quit his job and entered the private practice of law, whereupon his gross income dropped to a projected $2,510 per year. Defendant moved for a reduction in child support. The testimony at the hearing revealed that defendant had remarried and shared living expenses with his new wife, who was a recent medical school graduate serving her first year of residency at a local hospital and was expecting a baby. The Friend of the Court recommended no reduction and the court, Henry Zaborowski, J., denied defendant's motion. Defendant appeals. *Held:*

The modification of child support awards is normally entrusted to the discretion of the trial court. Review of an equity determination in a child support dispute is *de novo.* However, the Court of Appeals will not reverse the trial court's determination unless there was an abuse of discretion. Modification of orders for child support are permitted to accord with the welfare of the child within the means and ability of the father. All relevant circumstances must be considered in deciding a petition for modification of child support and a voluntary reduction in income of the noncustodial parent is a relevant

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 6]24 Am Jur 2d, Divorce and Separation §§ 847, 848.

Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.

[2] 24 Am Jur 2d, Divorce and Separation § 844.

[3] 5 Am Jur 2d, Appeal and Error § 868.

[4] 4 Am Jur 2d, Appeal and Error § 76. 5 Am Jur 2d, Appeal and Error §§ 839, 841.

circumstance where the voluntary reduction is not made in bad faith or with willful disregard for the interests of the child. A father's voluntary reduction in income is not an adequate reason for a trial court's refusal to modify a child support order where bad faith or a willful disregard for the interests of the dependent children by the father are absent.

Reversed and remanded for a modification hearing.

1. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION — ABILITY OF FATHER.

Modification of orders for child support are permitted to accord with the welfare of the child within the means and ability of the father.

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF AWARD — DISCRETION.

The modification of child support awards is normally entrusted to the discretion of the trial court.

3. APPEAL — DIVORCE — CHILD SUPPORT — DE NOVO REVIEW — ABUSE OF DISCRETION.

Review of an equity determination in a child support dispute is *de novo;* however, the Court of Appeals will not reverse the trial court's determination unless there was an abuse of discretion.

4. APPEAL — ABUSE OF DISCRETION — FINDINGS OF FACT.

A trial court will not be found to have abused its discretion unless the trial court's findings of fact are clearly erroneous or the reviewing court is convinced it would have reached a different result had it been in the lower court's position.

5. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION.

All relevant circumstances must be considered in deciding a petition for modification of child support and a voluntary reduction in income of the noncustodial parent is a relevant circumstance where the voluntary reduction is not made in bad faith or with willful disregard for the interests of the child.

6. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION — FATHER'S INCOME — VOLUNTARY REDUCTION — BAD FAITH — WILLFUL DISREGARD OF INTERESTS.

A father's voluntary reduction in income is not an adequate reason for a trial court's refusal to modify a child support order where bad faith or a willful disregard for the interests of the dependent children by the father are absent.

*Carole L. Chiamp,* for plaintiff.

*Maxwell & Sniderman,* for defendant.

Before: N. J. Kaufman, P.J., and D. E. Holbrook, Jr., and R. M. Maher, JJ.

Per Curiam. Plaintiff and defendant were granted a judgment of divorce in the Wayne County Circuit Court on July 19, 1977. The judgment awarded custody of the parties' minor child to the plaintiff and required defendant to pay $58 per week child support until the child attained the age of 18 or until further order of the court. On June 23, 1978, the circuit court denied defendant's motion for modification of this support order. From this determination, defendant appeals as of right under GCR 1963, 806.1.

Defendant predicated his motion for modification on the substantial decrease in income he incurred in the year following the judgment. At the hearing on the motion, defendant testified that in 1977 he was employed as an attorney for the Legal Aid and State Defender's Office at an annual salary of approximately $24,000. In 1978, however, defendant indicated that he voluntarily entered private practice, whereupon his gross income for the year dropped to $2,510, a projection based on defendant's income for the first five months of 1978.

The trial court then examined defendant's circumstances to discover if he was able to take care of his own necessities. The testimony taken revealed that defendant had remarried and that he now shared expenses for shelter, food, and transportation with his new wife. She had just recently graduated from medical school and was serving her first year of residency at a local hospital. The

two were expecting a baby in August, 1978. The court then denied defendant's modification motion, stating:

"I am going to adopt the recommendation of the Friend of the Court. If you wish to change your career and ways of practice you may do so, but you better take care of your obligations."

Defendant now claims that this ruling was reversibly erroneous.

Michigan law provides for modification of orders for child support so as "to accord with the welfare of the child within the means and ability of the father". *West v West*, 241 Mich 679, 686; 217 NW 924 (1928), *Hagbloom v Hagbloom*, 71 Mich App 257, 259; 247 NW2d 373 (1976). See MCL 552.17; MSA 25.97.

Such modification is within the trial court's discretion and its decision to modify will not be disturbed absent a clear abuse of discretion. *Cullimore v Laureto*, 66 Mich App 463, 465; 239 NW2d 409 (1976), *Polley v Polley*, 367 Mich 455; 116 NW2d 924 (1962). This Court reviews lower court rulings in such matters *de novo.* We will not reverse or modify the award unless convinced that we would have reached a different result had we occupied the position of the trial court. *Hagbloom, supra,* 259, *Schilleman v Schilleman*, 61 Mich App 446, 449; 232 NW2d 737 (1975).

All relevant factors should be considered when entertaining a petition for modification of child support. *Moncada v Moncada*, 81 Mich App 26; 264 NW2d 104 (1978), *McCarthy v McCarthy*, 74 Mich App 105; 253 NW2d 672 (1972). A reduction in defendant's income may be considered, but it cannot be the sole factor to justify a modification, *Cymbal v Cymbal*, 43 Mich App 566; 204 NW2d

235 (1972). See also *Schneider v Schneider,* 30 Mich App 124; 186 NW2d 17 (1971). The father's obligation to support his minor children is not limited to his income. Additionally, the court may take into consideration the father's ability and potential to earn money. *Travis v Travis,* 19 Mich App 128; 172 NW2d 491 (1969). See also *Baird v Baird,* 368 Mich 536; 118 NW2d 427 (1962).

In essence, the instant trial court ruled that the fact that the defendant voluntarily changed careers and incurred a reduction in income as a consequence would not and should not affect his obligation to his minor child. A review of case law in this area indicates that this conclusion is not totally correct, however. A voluntary reduction in income, if made in bad faith or with willful disregard for the interests of the dependent child, will not warrant a modification of support payments. Absent bad faith or such a willful disregard, however, the fact that defendant's reduction in income was voluntary is not an adequate reason for refusing modification. An individual should be allowed to make good faith changes in his employment and his child should share in the financial inconvenience or hardship, just as the child would if the family had remained together. See *Moncada v Moncada, supra,* 30-32, and the cases cited therein. The converse is true as well, *i.e.,* if the divorced father's income increases, the child should share in the benefits. The mother can see to such by her own modification motion.

It is not clear from the record whether the trial court considered the defendant to be acting in bad faith or in willful disregard for the rights of his child when he changed careers. Our independent review of the record has not clarified this point. Although defendant's testimony as to the reason

he left the Defender's office provides little help in this regard, we do not find it to be unreasonable for a lawyer working in the Defender's office to enter private practice. From such an unclear record, we cannot say defendant's career move was intended in bad faith or as a means to circumvent his legal obligations. ,

Another factor complicating our review of this case is the length of time that has passed since defendant's modification motion was denied. We do not know whether defendant's 1978 income was as dire as projected. We can only assume that his private practice has become more successful during the ensuing time.

In view of the numerous blanks that need to be filled in in this case, we reverse and remand for another hearing on defendant's modification motion. At this hearing, the court shall examine defendant's subjective intent in changing careers. If it finds he acted in bad faith or in willful disregard of his dependent's rights, modification should be denied. If the court finds that the defendant acted in good faith, however, modification of the support order should be granted, providing defendant's present income calls for it. The question of defendant's liability for accrued arrearages should rest or fall upon the same considerations.

Reversed and remanded for a modification hearing. We do not retain jurisdiction.