HAKKEN v HAKKEN

Docket No. 44024. Submitted May 8, 1980, at Lansing.—Decided October 6, 1980.

Plaintiff, Jane Hakken, and defendant, Howard G. Hakken, were divorced in 1973. Plaintiff was given custody of their 8-year-old son and defendant was ordered to pay $125 per week for child support. Defendant later remarried and has a new family. Defendant subsequently filed a motion in Washtenaw Circuit Court claiming reduction in income and requesting modification of his support obligation. The court, Edward D. Deake, J., granted defendant a reduction in child support to a minimum of $50 per week and provided for annual adjustments each year to an amount equal to 30 percent of defendant's income, after taxes, for the prior year. The judgment also provided for $5 per week on an arrearage of $5,000. Plaintiff then filed a series of motions in Washtenaw Circuit Court for interest on the arrearage, attorney fees, findings of fact, and finally for a new trial. All the motions were denied by the court, Edward D. Deake, J. Plaintiff appeals. *Held:*

1. A trial court's decision in child support matters is pre-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, § 775.

[2] 5 Am Jur 2d, Appeal and Error § 842.
  59 Am Jur 2d, Parent and Child § 56.

[3] 24 Am Jur 2d, Divorce and Separation § 849.
  Remarriage of parent as basis for modification of amount of child support provisions of divorce decree. 89 ALR2d 106.

[4] 24 Am Jur 2d, Divorce and Separation § 839.
  Adequacy of amount of money awarded as child support. 1 ALR3d 324.
  Excessiveness of amount of money awarded as child support. 1 ALR3d 382.
  Education as element in allowance for benefit of child in decree of divorce or separation. 56 ALR2d 1207.

[5] 24 Am Jur 2d, Divroce and Separation §§ 850, 852.
  Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.

[6] 59 Am Jur 2d, Parent and Child § 56.
  Adequacy of amount of money awarded as child support. 1 ALR3d 324.

sumed correct. An appellant bears the burden of showing that decision to be a clear abuse of discretion. Evidence was presented in this case which would support a finding of change of circumstances and a conclusion that the defendant's support obligation should be modified.

2. The trial court must hold an evidentiary hearing before a modification in support is ordered in the absence of agreement of the parties. There must be a record of that hearing. The judge should place on the record a brief finding of the basis of his decision, even though findings of fact are not required on motions generally. The findings need not be elaborate or particularized but should indicate the basis of decision for appellate review. The judge in this case did not put the findings which support his conclusions in a form reviewable by the Court of Appeals. The case must be remanded in order that the trial judge may set forth his findings.

3. The sum of $5 per week ordered on the arrearage is insufficient because it would take some 19 years of regular payments to eliminate the arrearage.

4. Designing an award to accord with the welfare of the child within the means and ability of the supporting parent is a logical and fair rule to which the Court of Appeals adheres.

5. The requirement of a floor, as applied by the trial judge in this case, has logic as protection for the child and as a hedge against manipulation and refusal to work to avoid payment of support.

6. The decision of the trial court provided an annual adjustment on January 1 of each year in advance. This is reasonable and workable. However, such order should consider income, ability to pay and the welfare and needs of the child. This encompasses more than income tax information.

7. Plaintiff's suggestion of yearly applying the support figure retroactively probably is unworkable, as arrearages could develop which might be hard to meet a year later.

8. The objection that the friend of the court will be setting child support is without merit because the carrying out of the court's order is largely ministerial and mathematical, the annual order will be reviewed by the court, and, if there are disputes, hearings for determination can be held.

Remanded to the trial court for supplementation of the findings of fact in support of its conclusion that the child support order should be modified and amendment of its order in accordance with this opinion.

1. PARENT AND CHILD — CHILD SUPPORT — APPEAL.

A trial court's decision in child support matters is presumed to be correct; this imposes a burden upon an appellant of showing that the decision is a clear abuse of discretion; however, clear error may be more readily established by appellate review in equity than by appellate review of cases historically heard at law.

2. PARENT AND CHILD — CHILD SUPPORT — EVIDENTIARY HEARING — RECORD — FINDINGS OF FACT.

A trial court must hold an evidentiary hearing before a modification in support is ordered in absence of agreement of the parties; there must be a record of the hearing and the judge should place on the record a brief finding of the basis of his decision, even though findings of fact are not required on motions generally, and the findings, although they need not be elaborate or particularized, should indicate the basis of his decision for appellate review.

3. PARENT AND CHILD — CHILD SUPPORT — REDUCTION OF PAYMENTS.

Consideration of the cost of additional familial obligations through remarriage is not a proper basis for reduction of child support payments.

4. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT AWARD.

A child support award may be modified so as to accord with the welfare of the child within the means and ability of the supporting parent and an increase or decrease in the income of the supporting parent is a significant fact in a determination to grant modification.

5. PARENT AND CHILD — CHILD SUPPORT — ESCALATOR CLAUSES.

The use of escalator clauses as a basis for child support judgments may not be appropriate in every case but is a tool which should not be denied to judges who must find equitable solutions to difficult support problems.

6. PARENT AND CHILD — CHILD SUPPORT — MINIMUM AMOUNT.

The requirement of a definite minimum amount of child support below which payments may not go has logic as protection for the children involved and as a hedge against manipulation and refusal to work to avoid payment of support.

*Shirley Burgoyne,* for plaintiff.

*Peter J. DeLoof,* for defendant.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

T. GILLESPIE, J. The parties were divorced May 15, 1973. It was a marriage of long duration and two children were over age 18 at the time of the divorce. There was one minor son, age 8, at the time of the divorce. The judgment provided that the custody of this son would be with the mother and support of $125 per week was ordered. The husband is an architect, formerly the architect for the University of Michigan but now in private practice as a sole practitioner. He remarried after the divorce and has a new family.

On June 21, 1977, the defendant filed a motion claiming reduction in income and requesting modification of his support obligation. Three hearings were held in August and September, 1978. The trial court granted defendant a reduction in child support to a minimum of $50 per week and provided for annual adjustments each year to an amount equal to 30% of defendant's income after taxes for the prior year. The judgment also provided for $5 per week on an arrearage of approximately $5,000.

The plaintiff filed a series of motions for interest on the arrearage, attorney fees, findings of fact, and finally for new trial, all of which were denied by the court.

Plaintiff now appeals alleging a number of grounds on which the court erred.

There are some of these grounds which merit discussion. The principle thrust of plaintiff's argument is that the evidence adduced at the hearings

---

* Circuit judge, sitting on the Court of Appeals by assignment.

did not justify a finding of a change of circumstances sufficient to reduce the child support. This constitutes a clear request for *de novo* review. It must be conceded that there is much authority which would leave the impression that an appeal is such a complete *de novo* review. However, as pointed out in *Causley v LaFreniere,* 78 Mich App 250, 254-255; 259 NW2d 445 (1977), there is also much authority supporting the concept that there is considerable discretion in the trial court in setting amounts in child support motions. The current rule is that in child support matters the lower court's decision is presumed correct. The appellant bears the burden of showing that decision to be a clear abuse of discretion. However, because of the history of appellate review in equity, the appellant may establish clear error here more readily than in cases historically heard at law. *Hagbloom v Hagbloom,* 71 Mich App 257; 247 NW2d 373 (1976). Also see *Wellman v Wellman,* 305 Mich 365; 9 NW2d 579 (1943), *Polley v Polley,* 367 Mich 455; 116 NW2d 924 (1962), *Cullimore v Laureto,* 66 Mich App 463, 465; 239 NW2d 409 (1976), and *Moncada v Moncada,* 81 Mich App 26; 264 NW2d 104 (1978).

In this case, evidence was presented which would support a finding of change of circumstances and a conclusion that the defendant's support obligation should be modified. Specifically, the evidence before the court disclosed business reasons justifying the defendant's restating and redistributing his income. Such reasons would not necessarily indicate bad faith by seeking to avoid child support. *Moncada, supra.*

As to the complaint that the court failed to make findings of fact on the defendant's post-judgment motion to modify child support, the law is

clear that the court must hold an evidentiary hearing before a modification in support is ordered in absence of agreement of the parties. There must be a record of that hearing. The judge should place on the record a brief finding of the basis of his decision, even though findings of fact are not required on motions generally. *Better Valu Homes, Inc v Preferred Mutual Ins Co,* 60 Mich App 315, 320; 230 NW2d 412 (1975), *McCarthy v McCarthy,* 74 Mich App 105, 111; 253 NW2d 672 (1977). These findings need not be elaborate or particularized but should indicate the basis of decision for appellate review. GCR 1963, 517.1, *Krachun v Krachun,* 355 Mich 167; 93 NW2d 885 (1959). The judge in this case gave considerable time to the hearing. He took five pages of notes and in his bench opinion he gave some of the reasons on which his decision was based, but he did not put the findings which support his conclusions in a form reviewable by this Court.

For example, did he consider the cost of additional familial obligations? If so, such was not a proper basis for reducing support payments. *Renn v Renn,* 318 Mich 230; 27 NW2d 618 (1947), *Hensinger v Hensinger,* 334 Mich 344; 54 NW2d 610 (1952), *Schneider v Schneider,* 30 Mich App 124; 186 NW2d 17 (1971).

These same cases, however, indicate that an increase or decrease in the father's income is a significant fact in a determination to grant modification. Michigan law provides for modification so as "to accord with the welfare of the child within the means and ability of the father". *West v West,* 241 Mich 679, 686; 217 NW 924 (1928), *Hagbloom, supra, Stern v Stern,* 327 Mich 567; 42 NW2d 738 (1950).

The trial court should not, however, be bound by

a hard rule of actual income but should also take into consideration the father's ability and potential to earn money. *Rutledge v Rutledge,* 96 Mich App 621; 293 NW2d 651 (1980), *Vaclav v Vaclav,* 96 Mich App 584; 293 NW2d 613 (1980).

We further find that the sum of $5 a week ordered on arrearage is insufficient. At this rate, even if regular payments were made, it would take some 19 years to eliminate the arrearage.

The case must be remanded in order that the trial judge may set forth his findings.

Another question which we should review is plaintiff's objection that the method ordered by the court to determine future support was in error. The court order entered on February 15, 1979, provides:

"IT IS FURTHER ORDERED that the child support shall be adjusted by the Friend of the Court effective January 1 of each year to a sum equal to 30% of Defendant's net income for the prior calendar year. For purposes of this paragraph, net income shall be determined as the amount of the Defendant's adjusted gross income as shown on Defendant's Federal income tax return less Federal, State, and local income taxes, self-employment tax, or any other applicable tax upon the Defendant's income. Defendant shall provide the Friend of the Court with copies of his Federal and State income tax returns for that prior calendar year; provided, however, that even if the child support determined by this method would be less than $50.00 the child support shall not be lowered below $50.00 per week."

The plaintiff argues: (1) the ·method adopted by the court is unworkable and encourages income manipulation by defendant; (2) the court's method is tied to income alone and is therefore a clear legal error; (3) child support for a year must be

based on that year and not the prior year; (4) it is legal error to set child support based on tax returns; (5) escalator clauses without a ceiling are not permitted by law and; (6) provisions for automatic adjustments by the Friend of the Court is legal error.

It must be conceded that there are some differences in decisions of the appellate courts on the use of escalator clauses and tax returns as a basis for child support judgments.

In *Anneberg v Anneberg,* 367 Mich 458; 116 NW2d 794 (1962), the Supreme Court upheld an escalator clause of 39.7% of gross earnings with a ceiling of $500 for the support of two children.

In *Stanaway v Stanaway,* 70 Mich App 294; 245 NW2d 723 (1976), a panel of this Court found that an escalator clause with no ceiling constitutes error. The opinion further finds escalator clauses *per se* unacceptable because they focus on the "circumstances" or income of the parent while ignoring the needs of the children. This case also condemns the use of tax returns as the tool to arrive at income.

In *Hagbloom, supra,* another panel of this Court also remanded an escalator clause with no ceiling, allowing the trial court to set a ceiling. Again, escalator clauses were discouraged but not forbidden. *Hagbloom* was a two to one decision, with Judge R. B. BURNS, who authored *Stanaway,* concurring in the remand but holding firm against escalator clauses and tax returns in child support cases.

It is from this trilogy of cases that plaintiff argues legal error in the trial court's order in this case.

We are aware that judges in practice have used escalator clauses in child support orders where the

supporting parent has a variable income or has been the recipient of rapid promotions. This use brings about a result based on ability to pay. The real argument against escalator clauses is that they are difficult to administer if there is resistance to compliance and they are highly dependent on tax returns, which do not necessarily reflect ability to pay and do not take into account the needs of the child.

However, even though escalator clauses are sometimes used, there has been a paucity of appellate cases concerning their usage which is indicative that they do work for they are ordinarily tied to ability to pay. Escalator clauses are not appropriate in every case, but they are tools which should not be denied to judges who must find equitable solutions to difficult support problems.

The panels in both *Stanaway, supra,* and *Hagbloom, supra,* find support in *Anneberg, supra,* for the requirement that there must be a ceiling on an escalator clause. We cannot find such support.

In *Anneberg,* the Court approved a percentage of income award which had a ceiling. When the appellant requested an award based on his earlier income, which could not be changed, the Court answered, "[t]his prayer of appellant's, this Court will not grant". Nowhere can we find that *Anneberg* required a ceiling.

The standard enunciated in *West, supra,* of designing the award to accord with the welfare of the child within the means and ability of the father (or supporting parent) is a logical and fair rule to which we should adhere.

The requirement of a floor applied by the trial judge in this case has logic as protection for the

child and as a hedge against manipulation and refusal to work to avoid support.

As to the balance of the plaintiff's objections, we have reviewed them carefully and find that:

. 1. The decision of the trial court provided an annual adjustment on January 1 of each year in advance. This is reasonable and workable. However, such order should consider income, ability to pay and the welfare and needs of the child, which concept encompasses more than income tax information.

2. Plaintiff's suggestion of yearly applying the support figure retroactively probably is unworkable, as arrearages could develop which might be hard to meet a year later.

3. The objection that the friend of the court will be setting child support is without merit for the carrying out of the court's order is largely ministerial and mathematical and the annual order will be reviewed by the court, and, if there are disputes, hearings for determination can be held.

Each party shall bear his or her costs and attorney fees.

The case is remanded to the trial court for supplementation of the findings of fact in support of its conclusion that the child support order should be modified and amendment of its order in accordance with this opinion. Such supplementation and order should be accomplished within 45 days.

We retain jurisdiction.