JACOBS v JACOBS

Docket No. 56684. Submitted March 4, 1982, at Detroit.—Decided July 13, 1982.

Plaintiff, Jeffrey A. Jacobs, and defendant, Judy L. Jacobs, were granted a divorce in Wayne Circuit Court. Defendant was awarded custody of the couple's minor child and plaintiff was ordered to pay child support. Defendant filed a motion to increase the amount of child support and the court referred the matter to the Friend of the Court, which recommended a retroactive increase. Plaintiff filed written objections to the recommendation. The trial court, Lucile A. Watts, J., adopted the Friend of the Court's recommendation and entered an order retroactively increasing child support. Plaintiff appeals. *Held:*

1. The trial court abused its discretion by entering its order without conducting a prior evidentiary hearing and by failing to make findings of fact as required by the court rules. Furthermore, the court's order improperly placed the burden of showing a change of circumstances on the plaintiff.

2. The trial court erred in failing to consider plaintiff's support obligation to a child from a subsequent marriage.

3. The trial court erred in basing its decision not upon competent evidence adduced at a hearing but solely upon the Friend of the Court's recommendation. There was no agreement between the parties for the court to base its decision solely on the Friend of the Court's recommendation.

4. The trial court did not err in making its order retroactive to a date occurring after defendant's petition was filed.

Reversed and remanded.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 10] 24 Am Jur 2d, Divorce and Separation §§ 844, 846.

[2, 3] 5 Am Jur 2d, Appeal and Error § 868.

[4] 24 Am Jur 2d, Divorce and Separation §§ 847-851.

[5, 9] 24 Am Jur 2d, Divorce and Separation §§ 337, 852.

[6, 7] 24 Am Jur 2d, Divorce and Separation § 849.

Change in financial conditions or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.

[8] 24 Am Jur 2d, Divorce and Separation § 839.

[10] Retrospective increase in allowance for alimony, separate maintenance, or support. 52 ALR3d 156.

1. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT,

   A trial court has the statutory power to modify orders for child support upon a showing by the petitioning party of a change in circumstances sufficient to justify modification (MCL 552.17; MSA 25.97).

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.

   Modification of child support orders is within the discretion of the trial court and its decision to modify will not be disturbed absent a clear abuse of discretion.

3. DIVORCE — APPEAL — MODIFICATION OF DIVORCE DECREES — FINDINGS OF FACT,

   Appellate review of divorce decree modifications is *de novo*, but the Court of Appeals nevertheless gives grave consideration to findings made by the trial court and will not reverse the trial court's decision unless it is convinced that it would have reached a different result had it occupied the trial court's position.

4. DIVORCE — MODIFICATION OF DIVORCE DECREES.

   All relevant factors are to be considered in determining whether there has been a change of circumstances sufficient to justify a modification of an order granting child support.

5. PARENT AND CHILD — CHILD SUPPORT — FINDINGS OF FACT.

   A trial court must hold an evidentiary hearing before a modification in child support is ordered where there is an absence of agreement between the parties; there must be a record of the hearing and the judge should place on the record a brief finding of the basis of his decision, even though findings of fact are not required on motions generally, and the findings, although they need not be elaborate or particularized, should indicate the basis of his decision for appellate review (GCR 1963, 517.1).

6. PARENT AND CHILD — SUPPORT PAYMENTS — MODIFICATION OF SUPPORT — FAMILIAL OBLIGATIONS.

   Consideration of the costs of additional familial obligations as a basis for modifying a judgment of divorce to reduce support payments is improper.

7. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT — FAMILIAL OBLIGATIONS.

   It is improper for a trial court to consider other familial obligations of a noncustodial parent when ruling on a petition to

reduce child support, but it is proper to consider such obligations when ruling on a petition to increase child support.

8. DIVORCE — FRIEND OF THE COURT.

Trial courts in Michigan are authorized by statute to refer divorce matters in which the rights of minor children are involved to the Friend of the Court for an investigation and recommendation (MCL 552.253; MSA 25.173).

9. DIVORCE — CUSTODY — VISITATION RIGHTS — CHILD SUPPORT — SUPPLEMENTAL REPORTS — FRIEND OF THE COURT — COURT RULES — STATUTES.

A trial court in a divorce action is authorized by statute and court rule to consider a recommendation by the Friend of the Court prior to determining custody, visitation, and child support questions; however, neither the recommendation nor the reports on which it is based are admissible as evidence where such questions become contested matters requiring an evidentiary hearing except by stipulation of the parties (MCL 552.253; MSA 25.173; GCR 1963, 727.1).

10. PARENT AND CHILD — CHILD SUPPORT — RETROACTIVE INCREASE IN SUPPORT.

A trial court may order a retroactive increase in child support to be effective as of the date, or any date subsequent to the date, the petition to modify child support was filed.

*Acevedo & Baggott,* for plaintiff.

*Brukoff, Beras & Stewart, P.C.,* for defendant.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

PER CURIAM. Plaintiff and defendant were granted a judgment of divorce in the Wayne County Circuit Court on August 4, 1972. The judgment awarded custody of the parties' minor child to the defendant and required the plaintiff to pay $30 a week for child support. On April 1, 1976, pursuant to a motion by defendant, the judgment of divorce was modified to increase child support to

* Circuit judge, sitting on the Court of Appeals by assignment.

$38 a week. On July 13, 1977, because his job as a police officer had been terminated, plaintiff filed a motion to decrease child support. On July 12, 1978, an order modifying the judgment of divorce was entered, reducing child support to $28 a week. On September 2, 1980, defendant filed a motion to increase child support. The matter was referred to the Friend of the Court and a recommendation was made to increase support to $48 a week, retroactive to November 28, 1980. Defendant filed written objections to the recommendation. On February 20, 1981, a hearing was held on defendant's motion in the circuit court. After hearing argument by both counsel, the trial court adopted the Friend of the Court's recommendation and entered an order on February 25, 1981, increasing child support to $48 a week with retroactive effect to November 28, 1980. Plaintiff appeals as of right.

Following the divorce, plaintiff remarried, but that marriage also ended in divorce. Plaintiff has a son from that marriage and is obligated to pay child support. Plaintiff remarried since then and is living with his present wife in a home of which she is the sole owner. Since the termination of plaintiff's job as a police officer in 1977, he has been employed as a taxicab driver, receiving a gross salary of $150 per week. The cab company, consisting of just one taxi, was purchased by plaintiff's present wife just before her marriage to the plaintiff. Apparently all the assets of this marriage are the sole property of plaintiff's current wife.

Despite a request by the Friend of the Court, plaintiff failed to produce a profit and loss statement for the cab company. Plaintiff also failed to produce his income tax returns for the years 1978, 1979, and 1980, pursuant to defendant's request, at a properly scheduled deposition.

Defendant has not remarried since the divorce. She is employed as a registered nurse and receives a net salary of $259 per week.

On appeal, plaintiff initially contends that the trial court abused its discretion in entering its order without conducting a prior evidentiary hearing and failing to make findings of fact, as is required by GCR 1963, 517.1. We agree.

A trial court has the statutory power to modify orders for child support upon a showing by the petitioning party of a change in circumstances sufficient to justify modification. MCL 552.17; MSA 25.97; *McCarthy v McCarthy,* 74 Mich App 105, 108; 253 NW2d 672 (1977); *Cymbal v Cymbal,* 43 Mich App 566; 204 NW2d 235 (1972). Such modification is within the trial court's discretion and its decision to modify will not be disturbed absent a clear abuse of discretion. *Hagbloom v Hagbloom,* 71 Mich App 257; 247 NW2d 373 (1976); *Cullimore v Laureto,* 66 Mich App 463; 239 NW2d 409 (1976). While appellate review of divorce decree modifications is *de novo,* this Court will nevertheless give "grave consideration" to findings made by the trial court and will not reverse unless it is convinced it would have reached a different result had it occupied the trial court's position. *Rutledge v Rutledge,* 96 Mich App 621, 624; 293 NW2d 651 (1980); *Wagner v Wagner,* 105 Mich App 388, 390; 306 NW2d 523 (1981). All relevant factors are to be considered in determining whether there has been a sufficient change of circumstances to justify a change in an order granting child support. *Moncada v Moncada,* 81 Mich App 26; 264 NW2d 104 (1978); *Cymbal v Cymbal, supra.*

Additionally, in *Hakken v Hakken,* 100 Mich App 460, 464-465; 298 NW2d 907 (1980), this Court emphasized the need for a premodification evidentiary hearing:

"* * * the law is clear that the court must hold an evidentiary hearing before a modification in support is ordered in absence of agreement of the parties. There must be a record of that hearing. The judge should place on the record a brief finding of the basis of his decision, even though findings of fact are not required on motions generally. * * * These findings need not be elaborate or particularized but should indicate the basis of decision for appellate review. GCR 1963, 517.1 * * *." (Citations omitted.)

In this case, the trial court summarily issued its ruling after oral arguments by both parties' counsel and the Friend of the Court's representative. No full evidentiary hearing was ever conducted despite the obvious factual disputes between the parties. The court was understandably impatient over plaintiff's flagrant noncompliance with repeated requests to produce certain documents. Nonetheless, its failure to hold an evidentiary hearing and make findings in support of its decision was an abuse of discretion. Furthermore, the court's order improperly placed the burden of showing a change of circumstances on the plaintiff. It was the defendant's burden to show a change in circumstances sufficient to justify modification of the divorce judgment.

Secondly, the plaintiff claims error in the trial court's failure to consider his support obligation to another child from his second marriage.

Consideration of the costs of additional familial obligations as a basis for modifying a judgment of divorce to reduce support payments is improper. *Renn v Renn,* 318 Mich 230; 27 NW2d 618 (1947); *Hensinger v Hensinger,* 334 Mich 344; 54 NW2d 610 (1952); *Hakken v Hakken, supra.*

However, in *Schneider v Schneider,* 30 Mich App 124; 186 NW2d 17 (1971), this Court upheld the trial court's consideration of a father's support obligation to another child from a second marriage

on a petition to increase child support. The Court drew a distinction between petitions *to reduce* child support, where it is improper to consider other familial obligations of a noncustodial parent, and petitions *to increase* child support, where it found such considerations to be proper. Here, defendant was petitioning for an increase in child support. Thus, under *Schneider,* it was improper for the trial court to fail to consider plaintiff's support obligation to another child. We find this holding to be consistent with the rule that all relevant factors should be considered in entertaining a petition to modify child support. *Rutledge v Rutledge, supra.*[1]

In addition, plaintiff contends that the trial court's adoption of the Friend of the Court's recommendation, over plaintiff's written objections, constituted error. Plaintiff relies primarily on *Dempsey v Dempsey,* 96 Mich App 276; 292 NW2d 549 (1980), *modified on other grounds* 409 Mich 495; 296 NW2d 813 (1980), in support of his position.

In Michigan, the trial court is authorized by statute to refer divorce matters in which the rights of minor children are involved to the Friend of the Court for an investigation and recommendation. MCL 552.253; MSA 25.173.

---

[1] We recognize that the controlling Supreme Court precedents did not inexorably compel the distinction drawn by the *Schneider* Court. Nevertheless, even as a matter of first impression, we find the *Schneider* rationale persuasive. As a matter of public policy, it would be unjust to permit a noncustodial parent to avoid supporting his children merely because he has voluntarily undertaken additional familial obligations. On the other hand, a noncustodial parent who has made adequate provision for the support of his children should not be penalized merely for undertaking additional familial obligations that do not impair his ability to meet his obligations under the judgment of divorce.

We find considerable merit in the *Schneider* Court's distinction between offensive and defensive use of subsequent remarriage and, accordingly, we adopt it.

In *Nichols v Nichols,* 106 Mich App 584; 308 NW2d 291 (1981) (BEASLEY, P.J., *concurring),* Judge BEASLEY explained that insofar as certain language in *Dempsey* suggested that mere awareness by the trial court of the contents of a Friend of the Court report required reversal, it was erroneous. We agree. The *Dempsey* dictum appeared to contradict the long-established rule that the trial judge may consider the report in reaching his decision although the report is inadmissible as evidence unless all the parties agree otherwise. See, *e.g., McCarthy v McCarthy, supra; Krachun v Krachun,* 355 Mich 167; 93 NW2d 885 (1959). To make matters worse, the Supreme Court affirmed much of the reasoning employed by the *Dempsey* Court, but did not specifically address *Dempsey's* apparent departure from the traditional approach.

At first glance, it seems incongruous to say that while the report is inadmissible it may nevertheless be "considered" by the trial court.[2] We find, however, that it is not illogical to permit the trial court to use the report to assist it in its understanding of the critical issues to be resolved and, at the same time, to insist that resolution of those issues be based entirely upon competent evidence brought forth by the parties at the hearing. The *Nichols* concurrence summarizes the point neatly:

"The findings of a trial judge relative to custody must be based upon competent evidence adduced in the hearing. The recommendation and reports of the friend of the court are *not* such admissible evidence in the contested hearing except upon stipulation of the parties.

"In summary, the trial judge may read and review the friend of the court recommendation and reports.

---

[2] We note that the Supreme Court has proposed amending GCR 1963, 727 to provide that "[t]he report of the Friend of the Court shall be admissible as evidence." 413 Mich 1101 (1982).

Awareness of the contents of such recommendations and reports does not disqualify the trial judge from deciding contested issues, but where there is a contested issue it must be decided upon competent evidence," *Nichols, supra,* 591-592.

In the instant case, the trial court based its decision not upon competent evidence adduced at a hearing but solely upon the Friend of the Court's recommendation. There was no agreement between the parties for the court to base its decision solely on the Friend of the Court's recommendation. We find this error alone to be grounds for reversal.

Finally, we find plaintiff's objection to the retroactive increase in child support payments to be without merit. Although there is no express statutory authority for retroactive increases in child support orders, such increases have been approved even where they relate back to the date the petition to modify child support is filed. *Farr v Farr,* 63 Mich App 741; 235 NW2d 31 (1975). The trial court did not err in making its order retroactive to November 28, 1980, a date occurring after defendant's petition was filed.

For the foregoing reasons, we reverse and remand to the trial court for further proceedings in accordance with this opinion.

Reversed. Plaintiff may tax costs. We do not retain jurisdiction.