McLAUCHLIN *v.* McLAUCHLIN.

1. DIVORCE—SUPPORT OF CHILDREN—SUSPENSION OF PAYMENTS.
   Decretally ordered payments for support of children of divorced parents are suspended pending ascertainment of whether such suspension of payments will adversely affect the 3 children of the parties, now in mother's custody in California where she has detained them in the summer contrary to court order. providing for father's right to custody for 4-week period with transportation costs paid for by mother, the change of cir- cumstances, including the remarriage of both parties, calling for a complete new look.

2. SAME—SUPPORT OF CHILDREN—SUSPENSION OF PAYMENTS—COSTS.
   No costs are allowed, where defendant husband in suit for divorce has obtained a suspension of payments for support of children as ordered by circuit court.

Appeal from Oakland; Holland (H. Russel), J. Submitted December 4, 1963. (Calendar No. 114, Docket No. 50,238.) Decided February 3, 1964.

Bill by Elizabeth Mae McLauchlin against Kenneth L. McLauchlin resulted in decree of divorce on ground of extreme and repeated cruelty. Defendant refused to pay child support after plaintiff refused to obey court order providing for return of children to State for summer visitations. Order entered canceling certain arrearages and providing for child support in reduced amount. Defendant appeals.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17A Am Jur, Divorce and Separation § 875.
[2] 17 Am Jur, Divorce and Separation § 629 *et seq.*

Reversed and remanded for order suspending child support payments pending further investigation.

*Robert A. Kozlow,* for defendant.

Black, J. The plaintiff wife and the defendant husband were divorced by decree entered May 5, 1956. The decree required that defendant pay, for support of the 3 minor children of the parties, the sum of $45 per week. Defendant duly made all such weekly payments. In May of 1959 plaintiff petitioned for permission to take the 3 children with her to California. Such permission was granted by order entered June 2, 1959, on special condition of summer custody. The pertinent portion of such order reads:

"It is hereby ordered, that the plaintiff may remove the children from the State of Michigan.

"It is further ordered that the defendant, Kenneth I. McLauchlin, upon making prior arrangements through the office of the friend of the court, may have the children for a period not exceeding 4 weeks during the summer months, and that during such visitation period with the defendant, the order for support shall be held in abeyance.

"It is further ordered, that the plaintiff shall bear the transportation costs for the children's annual visit with the defendant.

"It is further ordered, that the defendant's counter-petition, for change of custody, be denied."

Plaintiff refused, in 1959 and 1960, to let defendant have the children per such order. She did the same in 1961. On advice of counsel, defendant then stopped the support payments. Plaintiff has remarried, as has defendant, and seems now to be a permanent resident of California.

Defendant thereafter was ordered to show cause, in contempt proceedings, for failure to make the

support payments. ˙At the hearing it was ·deter-
mined that plaintiff had failed to abide the summer
custodial rights of defendant. The support pay-
ments were temporarily suspended by a "no deter-
mination now" order. The judicial effort, of course,
was that of forcing plaintiff to reconsider. She re-
fused to do so.

November 8, 1962, the matter came to final hearing.
Judge Holland, feeling that continued suspension of
payment might harm the children, ordered defend-
ant to commence payment at the reduced rate of
$15 per week, also that all arrearages since Septem-
ber 17, 1961, "are hereby canceled." Defendant, ap-
pealing, presents this question:

"Does the fact that the mother who is in California
with the children and who refuses to send the chil-
dren back to the State of Michigan to visit father,
pursuant to court order, justify court in refusing to
enforce support?"

On authority of *Pronesti* v. *Pronesti,* 368 Mich
453, the circuit court's order is reversed. Upon re-
mand the court will enter an order suspending, until
further ascertainment is made per ensuing direction,
defendant's decretally ordered obligation of child
support. The court will proceed to further inves-
tigation, through the office of friend of court, de-
signed to ascertain whether in actual fact the chil-
dren are being and will be adversely affected by such
suspension of payments. If plaintiff in her Cali-
fornia home is able to and is providing requisite care
for and support of the children, the order of sus-
pension will continue until she conforms with de-
fendant's visitation rights, at which time payment
as then found necessary and just will be resumed.
If, on the other hand, it is made to appear that such
suspension will adversely affect the children, the
court will enter a new order for resumption of pay-

ment by defendant, in such amount as newly ascertained facts may indicate.  All arrearages will be canceled as of the time of ascertainment and new order as directed.

*Bernstein* v. *Bernstein,* 365 Mich 491, is not opposed to the foregoing determination.  Here there is a definite showing of "changed circumstances"; a showing which calls for a complete new look.

Ordered accordingly.  No costs.

DETHMERS, KELLY, SOURIS, SMITH, and O'HARA, JJ., concurred with BLACK, J.

KAVANAGH, C. J., concurred in result.

ADAMS, J., took no part in the decision of this case.