WATKINS v SPRINGSTEEN

Docket No. 46660. Submitted October 7, 1980, at Grand Rapids.— Decided December 15, 1980.

Plaintiff, Della Mae (Springsteen) Watkins, and defendant, Roger D. Springsteen, were divorced in Ontonagon, Michigan, in 1973. At the time of the divorce, they were the parents of three minor children. The original judgment of divorce required that defendant pay plaintiff $135 per month for the support of his minor children, which amount was increased by $45 per month in order to amortize an arrearage of $935 accrued against defendant for failure to pay under a temporary order of support entered during the pendency of the divorce action. Plaintiff was awarded custody of the children, subject to the proviso that the children not be removed from the State of Michigan without court approval. Defendant later remarried and lived with his second wife and three minor children. Plaintiff remarried, presently resides in Sheridan, Wyoming, and is employed. At some time well prior to plaintiff's remarriage, she removed the children from this jurisdiction without receiving prior court permission or defendant's approval.

Plaintiff filed a petition for support in Wyoming under the Uniform Reciprocal Enforcement of Support Act (URESA). The Wyoming court found that defendant owed a duty of support to

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 847, 848.

Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.

[2] 24 Am Jur 2d, Divorce and Separation § 849.

Remarriage as basis for modification of child support provision of divorce degree. 89 ALR2d 106.

[3] 24 Am Jur 2d, Divorce and Separation § 851.

Violation of custody or visitation provision of agreement or decree as affecting child support payment provision, and vice versa. 95 ALR2d 118.

Complete denial of visitation rights of divorced parent. 88 ALR2d 148.

[4] 23 Am Jur 2d, Desertion and Nonsupport §§ 131, 145-147.

24 Am Jur 2d, Divorce and Separation §§ 998, 999.

his children. Upon receiving certification of the Wyoming action, the prosecuting attorney for Ontonagon County instituted a responsive URESA proceeding in the Ontonagon Circuit Court against defendant on behalf of plaintiff, under the Michigan version of URESA. A show cause hearing was held where only defendant and his second wife testified, plaintiff not appearing personally. Defendant contended that his present family was in financial straits and that he was unable to comply with the order for support entered in the judgment of divorce. After this hearing, the lower court entered an order of support from which defendant appeals. *Held:*

1. A father's remarriage is not sufficient to terminate his obligation to support the children of his first marriage even though he has children by his second marriage. Nor is the fact that defendant's former wife has a job and is earning money a circumstance significant in seeking to avoid child support payments.

2. Support payments may be suspended where the noncustodial parent is wrongfully denied visitation rights, unless the suspension would adversely affect the children for whose benefit the payments are made.

3. A responding court in a Uniform Reciprocal Enforcement of Support action is without subject matter jurisdiction over matters of visitation and cannot condition payment of support on observance of rights of visitation. However, where the responding court is the same court which granted the divorce, it has continuing jurisdiction in connection with custody, support and visitation matters, which may be adjudicated at the same time, subject to the due process requirements of prior notice and opportunity to be heard. Since plaintiff did not have notice and an opportunity to be heard on the defense of deprivation of visitation, defendant may not assert the defense.

Affirmed.

J. H. GILLIS, P.J., concurred in the result only.

1. PARENT AND CHILD — CHILD SUPPORT — CHANGED CIRCUMSTANCES — INCOME.

All relevant factors must be considered by a trial judge in determining whether there has been a sufficient change in circumstances to merit modification of a child support order; the isolated consideration of income alone is error.

2. PARENT AND CHILD — CHILD SUPPORT — REMARRIAGE.

A father's remarriage is not sufficient to terminate his obligation

to support the children of his first marriage even though he has children by his second marriage.

3. PARENT AND CHILD — CHILD SUPPORT — VISITATION.

Support payments may be suspended where the noncustodial parent is wrongfully denied visitation rights, unless the suspension would adversely affect the children for whose benefits the payments are made.

4. PARENT AND CHILD — CHILD SUPPORT — UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT — VISITATION — JURISDICTION.

A responding court in a Uniform Reciprocal Enforcement of Support action is without subject matter jurisdiction over matters of visitation and cannot condition payment of support on observance of rights of visitation; however, where the responding court is the same court which granted the divorce, it has continuing jurisdiction in connection with custody, support and visitation matters, which may be adjudicated at the same time, subject to the due process requirements of prior notice and opportunity to be heard.

*Roy D. Gotham,* Prosecuting Attorney, for plaintiff.

*Timothy J. Mahoney,* for defendant.

Before: J. H. GILLIS, P.J., and BASHARA and CYNAR, JJ.

CYNAR, J. Defendant appeals as of right from an order for support of minor children entered August 2, 1979, in Ontonagon County Circuit Court. The order provided that defendant pay, as child support, $135 per month to plaintiff.

At a show cause hearing held April 3, 1979, defendant testified as follows. Plaintiff and defendant were divorced in June of 1973. At the time of the divorce, they were the parents of three minor children, then ranging in age from two to six years. The original judgment of divorce required that defendant pay plaintiff $135 per month for the support of his minor children, which amount

was increased by $45 per month in order to amortize an arrearage of $935 accrued against defendant for failure to pay under a temporary order of support entered during the pendency of the divorce action. Plaintiff was awarded custody of the children, subject to the proviso that the children not be removed from the State of Michigan without court approval.

In January of 1974, defendant remarried. At the time of the lower court proceeding in this action, defendant lived with his second wife and three minor children. Plaintiff remarried in February of 1978 and presently resides in Sheridan, Wyoming. Plaintiff was employed at the time of the proceedings in this case.

At some time well prior to plaintiff's remarriage, apparently in the fall of 1974, she removed the children from this jurisdiction without receiving prior court permission or defendant's approval. At a later point in time, plaintiff did ask defendant for his consent to the removal. Defendant admitted that he did give his consent, but that such consent was conditioned upon plaintiff's promise to adopt the children. Defendant paid an attorney $50 to commence proceedings toward that end, but plaintiff apparently had abandoned her plan to adopt the children. Defendant contended that his present family was in financial straits and that he was unable to comply with the order for support entered in the judgment of divorce.

Plaintiff filed a petition for support in Wyoming under the Uniform Reciprocal Enforcement of Support Act (URESA) on September 18, 1978. See Wyo Stat § 20-4-101 *et seq.* On September 25, 1978, the Wyoming court found that defendant owed a

duty of support to his children. Upon receiving certification of the Wyoming action,[1] the prosecuting attorney for Ontonagon County instituted a responsive URESA proceeding against defendant on behalf of plaintiff, under the Michigan version of URESA, MCL 780.151 *et seq.;* MSA 25.225(1) *et seq.* A show cause hearing was held, as noted hereinabove, on April 3, 1979, wherein only defendant and his second wife testified, plaintiff not appearing personally. After this hearing, the lower court entered the order of support from which defendant now takes this appeal.

Defendant raises two issues for review. First, he claims that the trial court erred in failing to consider his increased financial obligations, arising from the fact that he remarried and has three children from this marriage, in entering the order of support in this case. He also argues that the fact that his former wife is gainfully employed should be viewed as a change in circumstances which should act to extinguish his obligation to pay support. We reject defendant's argument.

The fact that defendant's ex-wife now has a job and is earning money is not a circumstance which is legally significant in seeking to avoid totally payment of child support. *Renn v Renn,* 318 Mich 230, 235; 27 NW2d 618 (1947), *Slater v Slater,* 327 Mich 569, 571; 42 NW2d 742 (1950). Of course, we note that such fact is a relevant condition and could constitute a change of circumstance sufficient to require an abatement *pro tanto* of a previously determined child support payment. This is in accord with the court's duty to consider all relevant factors in entertaining a petition for modification of child support payments. *McCarthy v McCarthy,* 74 Mich App 105, 109; 253 NW2d 672

[1] See Wyo Stat 20-4-114.

(1977), *cf., Travis v Travis,* 19 Mich App 128, 130; 172 NW2d 491 (1969).

Moreover, defendant's remarriage is not sufficient to terminate his obligation to support the children of his first marriage even though he has children of his second marriage. *Hensinger v Hensinger,* 334 Mich 344, 346; 54 NW2d 610 (1952).

Defendant next argues that his duty to support the children of his first marriage is suspended as a result of his ex-wife's removing those children from this jurisdiction without first seeking and receiving the approval of the trial court in the parties' divorce action, as required in the decree of divorce. The effect of such removal, according to defendant, was to deny defendant his right of visitation, as granted him in the judgment of divorce.

The general rule in Michigan is that support payments may be suspended where the noncustodial parent is wrongfully denied visitation rights, unless the suspension of those payments would adversely affect the children for whose benefit the payments are made. *McLauchlin v McLauchlin,* 372 Mich 275, 277; 125 NW2d 867 (1964). The Court in *McLauchlin* noted that where the children would be adversely affected, support payments suspended because of a denial of visitation rights would be resumed in such new amount as the trial court finds necessary, even though the denial itself had not been remedied.

Defendant thus correctly states the general rule in urging a discharge or suspension of his obligation. The question which remains for consideration is whether he may raise such defense to his obligation to provide support in a URESA proceeding where Michigan is the responding state, when Michigan was also the jurisdiction which origi-

nally imposed an obligation to support the minor children in a judgment of divorce entered in a Michigan court. No Michigan case has considered this precise question.

In the recent case of *Brown v Turnbloom,* 89 Mich App 162; 280 NW2d 473 (1979), this Court was faced with a similar issue. The Court first noted that the purpose of URESA is to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto. *Brown, supra,* 166-167. The Court continued, explaining that URESA focuses on only one aspect of domestic relations—the duty of support, and that the act does not contemplate that the custodial parent come to the responding state to defend against claims arising from other matters related to the judgment of divorce between the parties. *Id.*

The Court in *Brown* went to say that a number of jurisdictions had concluded that the responding court in a URESA action is without subject matter jurisdiction over matters of visitation and cannot condition payment of support on observance of rights of visitation. The *Brown* Court noted that all cases so holding had cited the identical provision of URESA, § 22 of the 1968 revised act, which provides:

" 'Participation in any proceedings under this act shall not confer upon any court jurisdiction of any of the parties thereto in any other proceedings.' MCL 780.172; MSA 25.225(22)." *Brown, supra,* 167.

The Court had previously indicated that aggrieved noncustodial parents "should return to the *state of divorce* to adjudicate other matters". *Brown, supra,* 167 (emphasis supplied). It reiterated this position later in its opinion, stating that:

"Adjudication of visitation matters is, therefore, best left to the state of divorce." *Id.,* 168. Because of the *ex parte* nature of the proceedings in the responding state, the court was concerned with the violation of the procedural due process rights of the custodial parent domiciled in a foreign jurisdiction, should matters of visitation rights be raised and decided in the URESA proceeding in the responding state. The Court in *Brown* declined to engraft such due process protections (the right to notice and an opportunity to be heard) into Michigan's version of URESA.

Each of the considerations raised in *Brown* is valid, of that there is no question. But their validity, at least in part, turns upon the context in which they are applied. It must be noted that in *Brown,* the state of divorce was Wisconsin. The defendant in *Brown* was no longer domiciled in Wisconsin, but in Michigan. Michigan, as the responding state in this URESA action, had no independent grounds for assertion of either subject matter jurisdiction over matters of visitation or in personam jurisdiction over the person of the URESA action plaintiff, a Wisconsin resident. MCL 780.172; MSA 25.225(22) clearly requires this conclusion.

In the present case, the situation is not the same. Both plaintiff and defendant were parties to a Michigan decree of divorce *a vinculo matrimonii.* As such, the court of record in that proceeding, the same court presiding over the present URESA action, had continuing jurisdiction in connection with custody and support matters and matters concerning visitation rights, as well as jurisdiction over the parties to the decree. MCL 552.17; MSA 25.97, *Havens v Havens-Anthony,* 335 Mich 445; 56 NW2d 346 (1953), *Oviatt v Oviatt,* 43 Mich App

628; 204 NW2d 753 (1972), *Talbot v Talbot,* 99 Mich App 247; 297 NW2d 896 (1980).

Necessarily then, jurisdiction to decide defendant's claim regarding the alleged denial of visitation rights by plaintiff would exist in the Ontonagon County Circuit Court entirely independent of URESA, and MCL 780.172; MSA 25.225(22) would not be offended were the court to entertain this matter at the same time the URESA proceeding was held. Moreover, although URESA does deal only with the limited issue of duty of support, Michigan law, which controls the scope of and conditions attendant to such duty, clearly allows for a suspension of that duty in appropriate instances, including a situation where a wrongful denial of visitation rights is proven. *McLauchlin, supra.* Thus, the reason for the rule set out in *Brown, supra,* is not present in the circumstances peculiar to this case.

It appears, then, that there is no valid jurisdictional reason to prevent defendant from raising his defense in *this* URESA action. The circuity of actions required, quite correctly, in a factual situation such as that present in *Brown* is not, at least as a general proposition, required here. The policy in favor of economy of actions dictates that a defendant, possibly with a complete defense to an obligation to support, should not first be required to pay that support in a URESA action and then raise an absolute defense to his obligation to pay in a second action, when the defense could, in fact, relate back to the time period covered by the URESA action, at least, where, as here, both plaintiff and defendant are already subject to the continuing jurisdiction of the court which entered their judgment of divorce and which also is the court overseeing the URESA enforcement action.

Other jurisdictions have reached the same conclusion when faced with this issue. See *Porter v Porter,* 25 Ohio St 2d 123; 267 NE2d 299 (1971). *Daly v Daly,* 39 NJ Super 117; 120 A2d 520 (1956), *aff'd* 21 NJ 599; 123 A2d 3 (1956).

This, however, is not the end of our inquiry. As pointed out in *Brown,* the nature of URESA proceedings is *ex parte,* with the custodial parent seeking enforcement of the obligation of support not appearing personally in the responding state, but instead being represented by the local prosecuting attorney's office. As *Brown* accurately notes, due process protections would be violated if a defendant were to raise his defense in the URESA action without prior notice to the plaintiff therein and an opportunity for that plaintiff to be heard on the issue.[2] In the circumstances present in this case, however, such notice and opportunity are required independent of URESA. Defendant's defense may be heard, not directly as a result of jurisdiction conferred on the court by URESA, but because of the court's continuing jurisdiction over matters dealing with custody, support and visitation rights which were decided in the original divorce action. In such a situation, in order for defendant to properly argue the merits of his defense in the same proceeding as that concerned with URESA matters, the party (plaintiff herein) against whom he seeks relief (suspension of the obligation to pay support) has a right to notice and an opportunity to be. heard on the matter to be decided. *Pierce v Pierce,* 324 Mich 38, 44; 36 NW2d 205 (1949), *Talbot, supra.* Absent such no-

---

[2] As *Brown* made clear, URESA, itself, does not make provision for compliance with such procedural due process mandates, and the history of the act militates against any construction thereof which would engraft such protections onto Michigan's version of URESA. We have no quarrel with this conclusion.

tice, defendant may not properly raise his defense to the obligation to support his minor children in a proceeding commenced under URESA where independent grounds for the court's assertion of jurisdiction exist. The defendant in the case *sub judice* failed to give notice to the plaintiff herein of this intent to raise that defense in the circuit court proceeding so that plaintiff could be heard on the issue. Such failure is fatal to defendant's right to assert his defense in the same proceeding as that in which the URESA matter was decided.

Accordingly, we conclude that the order of support entered in the court below was correct. Therefore, we affirm that decision, without prejudice to defendant's right to raise his defenses to the obligation to provide support in a subsequent proceeding based on the decree of divorce.

Affirmed. No costs, interpretation of a statute being involved.

J. H. GILLIS, P.J., concurs in the result only.