CHAZEN v CHAZEN

Docket No. 50900. Submitted May 19, 1981, at Detroit.—Decided June 19, 1981.

In 1968 Howard L. Chazen sought a divorce from Phyllis J. Chazen. The 1969 judgment of divorce by the Oakland Circuit Court granted custody of their child to defendant with plaintiff being given certain visitation rights and ordered plaintiff to pay child support. The terms of visitation and support were amended several times between 1969 and 1976 when visitation ceased because of the child's unwillingness to stay with his father. Plaintiff ceased to make child support payments. In 1979, defendant filed a petition for an order to show cause why plaintiff should not be held in contempt of court for failure to pay child support. Plaintiff filed a petition for an order to show cause why defendant should not be held in contempt of court for refusal to allow visitation and sought termination of support and cancellation of the arrearages. After hearing testimony, Robert B. Webster, J., entered an order terminating plaintiff's right to visitation, setting aside all child support arrearages, and terminating all future child support. Defendant appeals. *Held:*

The trial court properly suspended the payment of child support upon its finding that defendant engaged in a concerted effort to make it impossible for the plaintiff and the child to carry on a father and son relationship. Such efforts by defendant wrongfully denied the plaintiff of his visitation rights and, accordingly, justified suspension of support payments under the circumstances.

Affirmed.

1. PARENT AND CHILD — CHILD SUPPORT — VISITATION.

Support payments may be suspended where a noncustodial par-

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 870.

Violation of custody or visitation provision of aggrement or decree as affecting child support payment provision, and vice versa. 95 ALR2d 118.

[2] 24 Am Jur 2d, Divorce and Separation §§ 801-804.

ent is denied visitation rights, unless the suspension of those payments would adversely affect the children for whose benefit the payments are made.

2. PARENT AND CHILD — VISITATION.

A course of conduct by a custodial parent designed to frustrate the visitation rights of a noncustodial parent and to separate the noncustodial parent and child to the point of antagonism constitutes a wrongful denial of visitation rights.

*Dubrinsky & Dubrinsky,* for plaintiff.

*Kutinsky, Davey & Solomon,* for defendant.

Before: V. J. BRENNAN, P.J., and T. M. BURNS and R. H. PANNUCCI,* JJ.

PER CURIAM. Defendant appeals as of right from an order entered March 31, 1980, in Oakland County Circuit Court terminating the visitation rights of plaintiff, setting aside any and all arrearage for child support, and terminating all future child support.

The sole issue raised on appeal concerns whether plaintiff may suspend child support payments as a result of being denied visitation rights.

The general rule in Michigan is that support payments may be suspended when a noncustodial parent is wrongfully denied visitation rights, unless the suspension of those payments would adversely affect the children for whose benefit the payments are made. *McLauchlin v McLauchlin,* 372 Mich 275, 277; 125 NW2d 867 (1964), *Watkins v Springsteen,* 102 Mich App 451; 301 NW2d 892 (1980).

In the case at bar, the record conclusively discloses that the defendant engaged in a protracted course of conduct designed to frustrate the visita-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion rights of plaintiff. The fact is that defendant conducted a designed, concerted effort to separate the father and son identification to the point of antagonism. Such affirmative acts amount to a wrongful denial of visitation rights. See, for example, *Pronesti v Pronesti,* 368 Mich 453; 118 NW2d 254 (1962), *Barker v Barker,* 366 Mich 624; 115 NW2d 367 (1962).

Affirmed.