Neff, J.
 

 Defendant appeals by delayed leave granted the trial court’s order requiring him to pay child support arrearages. We reverse in part and remand.
 

 i
 

 The parties were divorced in 1975. Plaintiff was awarded custody of the parties’ minor child, Angela, bom April 22, 1973, and defendant was ordered to
 
 *407
 
 pay $35 a week for Angela’s support until she attained the age of eighteen or graduated from high school, whichever occurred later. The judgment of divorce provided that the child’s residence “shall not be removed from the State of Michigan without the prior approval of the Judge who awarded custody” and also awarded defendant reasonable visitation rights.
 

 Defendant appears to have paid no child support in the more than twenty years since the judgment of divorce was entered. Further, defendant has not seen his daughter since the divorce. Plaintiff admitted that she moved to California with the child in 1982 without first obtaining permission from the circuit court, and that they later returned to Michigan.
 

 In 1994, plaintiff, who understood that defendant had been “on the run,” learned that defendant was back in the area and contacted the St. Clair Friend of the Court and sought enforcement of the 1975 support obligation. In 1996, the trial court entered a bench warrant for nonpayment of the arrearage. A petition and order to show cause for contempt was entered on August 30, 1996, indicating that defendant was $26,585.59 in arrears to plaintiff and owed service fees of $391.
 

 At the hearing, counsel for defendant argued that to require defendant to pay the arrearage would be inequitable. Counsel noted that defendant had not received visitation because plaintiff had left the state without permission of the court after the judgment was entered. In refusing to ignore the support order, the court observed that the parties’ child was entitled to support and that defendant had not filed a formal complaint regarding lack of visitation, but instead “simply allow[ed] this matter to skate so that he
 
 *408
 
 didn’t get hauled in before me to be ordered to pay support.” The court ordered defendant to pay the arrearage at the rate of $100 a week until paid in full. This appeal followed.
 

 n
 

 Defendant first argues that plaintiff was entitled to no recovery whatsoever because she came to court with unclean hands, having denied him visitation through the years.
 
 [1]
 
 We disagree.
 

 As defendant correctly notes, prior Michigan case law applied the spirit of the clean hands doctrine by holding that support payments may be suspended where noncustodial parents have been wrongly denied visitation rights, unless the suspension of those payments would adversely affect the children for whose benefit the payments are made. See, e.g.,
 
 Chazen v Chazen,
 
 107 Mich App 485, 486; 309 NW2d 612 (1981), citing
 
 McLauchlin v McLauchlin,
 
 372 Mich 275, 277; 125 NW2d 867 (1964), and
 
 Watkins v Springsteen,
 
 102 Mich App 451, 456; 301 NW2d 892 (1980).
 

 However, these cases predate the Support and Visitation Enforcement Act (SVA), MCL 552.601
 
 et
 
 seq.; MSA 25.164(1)
 
 et seq.
 
 Pursuant to the SVA, the remedy for nonpayment of support is to impose a lien on the payer’s personal property, require the payer to pro
 
 *409
 
 vide a bond to secure payment, or hold the payer in contempt if the payer has the ability to pay. MCL 552.625; MSA 25.164(25), MCL 552.633; MSA 25.164(33). The SVA further provides that the remedy for visitation violation is to provide makeup visitations or to hold the parent who has violated a visitation order in contempt.
 
 [2]
 
 Unlike prior case law, the SVA does not contemplate the suspension of child support as a remedy when the custodial parent has frustrated visitation.
 

 The present case does not present a question of competing equities between the parties; rather, it involves defendant’s noncompliance with a court order. See
 
 Langford v Langford,
 
 196 Mich App 297, 299-300; 492 NW2d 524 (1992) (“[W]e can no longer view support orders under which money is past due as an equitable matter upon which the trial court’s discretion may be brought to bear.”) Defendant had a duty to support his child. MCL 722.3; MSA 25.244(3). That duty was not abrogated by the fact that plaintiff left the state without permission of the court. To the contrary, defendant’s remedy was to seek enforcement of his visitation rights, not to withhold his child support payments. Accordingly, the trial court correctly refused to apply the doctrine of clean hands to absolve defendant of his court-ordered duty to pay child support.
 

 m
 

 Defendant next argues that the ten-year limitation period contained in MCL 600.5809; MSA 27A.5809,
 
 *410
 
 before its amendment in 1996, precludes plaintiff from collecting child support payments due more than ten years before she began enforcement proceedings.
 
 [3]
 
 We agree with defendant and thus reverse the trial court’s award consisting of all arrearages accrued since 1975.
 

 A
 

 The period of limitation for actions to enforce an order to pay child support is ten years. MCL 600.5809(3); MSA 27A.5809(3);
 
 McFarlane v McFarlane,
 
 223 Mich App 119, 122; 566 NW2d 297 (1997). At the time plaintiff sought to enforce the support obligation, the ten-year period of limitation began to run against each payment when that payment became due.
 
 Ewing v Bolden,
 
 194 Mich App 95, 99; 486 NW2d 96 (1992).
 

 MCL 600.5809; MSA 27A.5809 was amended by 1996 PA 275, effective January 1, 1997. The amendment added subsection 4, which provides:
 

 For an action to enforce a support order that is enforceable under the support and parenting time enforcement act, Act No. 295 of the Public Acts of 1982, being sections 552.601 to 552.659 of the Michigan Compiled Laws, the period of limitations is 10 years from the date that the last support payment is due under the support order regardless of whether or not the last payment is made. [MCL 600.5809(4); MSA 27A.5809(4).]
 

 
 *411
 
 Under the amended statute, the ten-year period does not begin to run until the day the last child support payment is due. If subsection 4 applies to plaintiffs case, she had at least until April 22, 2001 (ten years after Angela turned eighteen) to seek enforcement of the entire arrearage. We must therefore determine which version of the statute of limitation applies to the present case.
 

 B
 

 In Michigan, statutes of limitation are generally regarded as being procedural in nature,
 
 Lothian v Detroit,
 
 414 Mich 160, 166; 324 NW2d 9 (1982), and operate prospectively unless an intent to have the statute operate retrospectively clearly and unequivocally appears from the context of the statute itself.
 
 Great Lakes Gas Transmission Co v State Treasurer,
 
 140 Mich App 635, 650-651; 364 NW2d 773 (1985). Stated otherwise, the applicable statute of limitations is the one in effect when the plaintiffs cause of action arose.
 
 Chase v Sabin,
 
 445 Mich 190, 192, n 2; 516 NW2d 60 (1994).
 

 Here, the amendment adding MCL 600.5809(4); MSA 27A.5809(4) contains no language suggesting that it is to be applied retroactively. Furthermore, plaintiffs cause of action presumably arose, or arose for the last time, sometime in 1991, when Angela turned eighteen. The statute of limitations in effect at that time was the preamendment version of MCL 600.5809(3); MSA 27A.5809(3). Accordingly, it is this version that applies in the present case.
 

 Under the preamendment version of MCL 600.5809(3); MSA 27A.5809(3), plaintiffs recovery is limited to those installments accruing within the ten
 
 *412
 
 years preceding the commencement of her enforcement action.
 
 McFarlane, supra
 
 at 122;
 
 Ewing, supra
 
 at 99. Accordingly, we reverse the trial court’s award of all arrearages accrued since 1975. Because the record before us is unclear regarding when plaintiff’s enforcement proceedings began, we remand this matter to the trial court for (1) a determination of the date when the enforcement proceedings were commenced and (2) entry of an order allowing recovery of all support due during the ten-year period before that date, plus interest.
 

 c
 

 In his discussion of the statute of limitations issue defendant again argues that, under principles of equity, he should be absolved of all obligations to pay his child support arrearage. For the reasons previously stated, we again reject this argument. Defendant was under a court order to pay child support, and that obligation should not be excused by a lack of visitation or plaintiff’s decision to leave the state with the child without the court’s permission.
 

 Reversed in part and remanded. We do not retain jurisdiction.
 

 Holbrook, Jr., I concur in the result only.
 

 [1]
 

 “ ‘[The clean hands maxim] is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.’ ”
 
 Stachnik v Winkel,
 
 394 Mich 375, 382; 230 NW2d 529 (1975), quoting
 
 Precision Instrument Mfg Co v Automotive Maintenance Machinery Co,
 
 324 US 806, 814; 65 S Ct 993; 89 L Ed 1381 (1945).
 

 [2]
 

 Sanctions for contempt include modifying the visitation order or jailing the contemnor. MCL 552.644; MSA 25.164(44).
 

 [3]
 

 The trial court did not address the issue of the application of the statute of limitations in this case. Because the issue of statutory interpretation is one of law,
 
 Oakland Co Bd of Co Rd Comm’rs v Michigan Property & Casualty Guaranty Ass’n,
 
 456 Mich 590, 610; 575 NW2d 751 (1998), we address it.