## WARD v SIANO

Docket No. 265599. Submitted April 3, 2006, at Lansing. Decided April 13, 2006, at 9:10 a.m. Vacated in part. 270 Mich App 801.

Matt Ward, as personal representative of the estate of Howard Ward, deceased, brought a medical malpractice wrongful death action in the Ingham Circuit Court against John C. Siano, Jr.; Lansing Internal Medicine Associates, P.C.; and Edward W. Sparrow Hospital Association. The defendants filed motions for summary disposition, asserting that, under *Waltz v Wyse*, 469 Mich 642 (2004), the plaintiff's complaint was untimely because he filed it after both the period of limitations and the wrongful death saving period had expired. The court, Joyce Draganchuk, J., determined that *Waltz*, decided six months after the plaintiff filed his complaint, applied and granted the defendants summary disposition. The plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff's complaint is time-barred under the holding of *Waltz* because it was filed after expiration of the saving period provided by MCL 600.5852 for wrongful death actions by personal representatives. Under the binding precedent of *Ousley v McLaren*, 264 Mich App 486 (2004), *Waltz* applies retroactively to this case.

2. The trial court should have denied the defendants' summary disposition motions, however, on the basis of judicial or equitable tolling. Although the limitations period had expired, it was nonetheless tolled by principles of equity under the holding of *Mazumder v Univ of Michigan Bd of Regents*, 270 Mich App 42 (2006). The binding precedent of *Mazumder* requires reversal in this case. Were it not constrained to follow *Mazumder*, however, the panel would not apply equitable tolling and would affirm. *Mazumder* failed to acknowledge controlling precedent holding that equitable tolling cannot apply when a statute setting forth a limitations period contains no language contemplating such tolling. Applying the applicable period of limitations in cases like this does not occasion fundamental unfairness or otherwise warrant the extraordinary application of the judicial tolling doctrine.

Reversed and remanded.

.

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and *Elizabeth Gleicher, P.L.L.C.* (by *Elizabeth Gleicher*), for Matt Ward.

*Johnson & Wyngaarden, P.C.* (by *Robert M. Wyngaarden* and *Michael L. Van Erp*), for John C. Siano, Jr.; and Lansing Internal Medicine Associates, P.C.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for Edward W. Sparrow Hospital Association.

Before: KELLY, P.J., and JANSEN and TALBOT, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting summary disposition in defendants' favor. We reverse because we are required by MCR 7.215(J)(1) to follow the holding in *Mazumder v Univ of Michigan Bd of Regents*, 270 Mich App 42; 715 NW2d 96 (2006). However, we disagree with the *Mazumder* holding that equitable tolling is appropriate in cases affected by the retroactive application of our Supreme Court's ruling in *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004). Pursuant to MCR 7.215(J)(2), we declare a conflict with *Mazumder* and state that, if we were not obligated to follow *Mazumder*, we would affirm.

## I. FACTS

On January 18, 2001, the decedent was admitted to Sparrow Hospital for a total knee revision arthroplasty surgery. The surgery took longer than expected because of complications. After surgery, the decedent was transferred to a hospital room, where a nurse, who noted the decedent's low blood pressure, paged defendant John C. Siano, Jr., M.D., three times. Dr. Siano called in an order, but a doctor did not see the decedent until the

next morning. At that time, the decedent was transferred to the intensive care unit, where he was treated for adult respiratory distress syndrome, transient disseminated intravascular coagulation, and thrombocytopenia. The decedent was intubated on January 27, 2001, and continued to suffer complications. He died on May 11, 2001.

On July 5, 2001, plaintiff was appointed the personal representative of the decedent's estate. Plaintiff notified defendants of his intent to file a medical malpractice claim on May 9, 2003. Plaintiff filed his initial complaint on October 20, 2003.

Dr. Siano and Lansing Internal Medicine Associates, P.C., filed a motion for summary disposition under MCR 2.116(C)(4), (7), and (10), arguing, in relevant part, that plaintiff's claim was not timely filed. Edward W. Sparrow Hospital Association concurred and also filed a motion for summary disposition. Defendants specifically argued that plaintiff had two years from the date of the malpractice, January 18, 2001, or two years from his appointment as personal representative, July 5, 2001, to initiate this action. However, plaintiff filed his complaint on October 20, 2003, approximately nine months after the statutory period of limitations expired and approximately three months after the wrongful death saving period expired.

Plaintiff responded to these motions arguing, among other things, that, pursuant to *Omelenchuk v City of Warren,* 461 Mich 567; 609 NW2d 177 (2000), overruled in part by *Waltz,* and MCL 600.5852 and 600.5856(d), he mailed notices of intent on May 9, 2003, thereby tolling the time period for filing a complaint for 182 days. He argued that *Waltz,* which was decided six months after he filed his complaint, was not controlling

in this case. Plaintiff also argued that, if *Waltz* was applicable, his claim should be subject to judicial tolling.

The trial court determined that *Waltz* was applicable to plaintiff's claim and entered an order granting defendants' motions for summary disposition. On appeal, plaintiff contends that the trial court erred in dismissing his claim.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo whether the statutory period of limitations bars a claim. *Farley v Advanced Cardiovascular Health Specialists, PC,* 266 Mich App 566, 570-571; 703 NW2d 115 (2005). A motion for summary disposition under MCR 2.116(C)(7) permits summary disposition when a claim is barred by the statutory period of limitations. In reviewing such a motion, " 'a court must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the plaintiff's favor.' " *Geralds v Munson Healthcare,* 259 Mich App 225, 229-230; 673 NW2d 792 (2003), quoting *Farm Bureau Mut Ins Co v Combustion Research Corp,* 255 Mich App 715, 720; 662 NW2d 439 (2003).

### B. APPLICATION OF *WALTZ*

There is no question that plaintiff's claim is barred by the application of *Waltz.* "The statute of limitations for a wrongful death action is governed by the statute of limitations applicable to the underlying theory of liability." *Eggleston v Bio-Medical Applications of Detroit, Inc,* 248 Mich App 640, 646; 645 NW2d 279 (2001), rev'd on other grounds 468 Mich 29 (2003). "The general period of limitation for a malpractice action is two

years." *Miller v Mercy Mem Hosp*, 466 Mich 196, 199; 644 NW2d 730 (2002), citing MCL 600.5805(5).[1] "In general, a plaintiff in a medical malpractice case must bring his claim within two years of when the claim accrued, or within six months of when he discovered or should have discovered his claim." *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 219; 561 NW2d 843 (1997); MCL 600.5805(1) and (6) and 600.5838a. Before a plaintiff can commence a medical malpractice action, the plaintiff must mail a notice of intent to file suit to each health care professional or health care facility the plaintiff wishes to sue. MCL 600.2912b. This notice of intent to file suit must be sent at least 182 days before suit is commenced.[2] MCL 600.2912b(1). MCL 600.5856 states:

> The statutes of limitations or repose are tolled:
>
> \* \* \*
>
> (d) If, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.[3]

---

[1] Now MCL 600.5805(6).

[2] The statute allows a plaintiff to file suit 154 days after mailing the notice of intent if the plaintiff does not receive a written response to the notice within 154 days of mailing. MCL 600.2912b(8). A plaintiff may also file suit before the 182 days expire if the plaintiff receives written notice from the defendant that the defendant does not intend to settle the claim. MCL 600.2912b(9).

[3] Effective April 22, 2004, MCL 600.5856 was amended and subsection d became subsection c. The pertinent portion of the statute now reads:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> \* \* \*

Also at issue in this case is the wrongful death saving provision of MCL 600.5852, which states:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

The alleged malpractice in this case occurred, at the latest, on January 19, 2001. Therefore, the medical malpractice period of limitations would have expired on January 19, 2003. Plaintiff was appointed the personal representative of the decedent's estate on July 5, 2001. The wrongful death saving provision then extended the time plaintiff had to file his suit until July 5, 2003. Plaintiff sent his notice of intent to file a claim on May 9, 2003, after the medical malpractice period of limitations expired, but before the saving period of MCL 600.5852 expired. However, plaintiff did not file his complaint until October 20, 2003, after the saving period expired.

Plaintiff contends that MCL 600.5856(d) tolled the saving period and gave him until January 3, 2004, to timely file his complaint. Plaintiff relies on *Omelen-*

---

(c) At the time the notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

Because subsection d was in effect at the time the cause of action accrued, we refer to MCL 600.5856(d) throughout this opinion.

*chuk,* in which our Supreme Court referred to MCL 600.5852 as setting forth a "limitation period." *Omelenchuk, supra* at 577. Accordingly, plaintiff believed that the notice tolling provision applied to the wrongful death saving provision in MCL 600.5852. However, in *Waltz,* our Supreme Court clarified that, despite the "imprecise choice of words" in *Omelenchuk,* MCL 600.5852 "is not a statute of limitations, but a *saving* statute." *Waltz, supra* at 654 (emphasis in original). The Court further stated, "Section 5852 clearly provides that it is an *exception* to the limitations period, allowing the commencement of a wrongful death action as many as three years after the applicable statute of limitations has expired." *Id.* at 651 (emphasis in original). This exception to the limitations period cannot be tolled by MCL 600.5856(d). *Id.* at 651-652. The Court continued, "The source of the confusion surrounding our holding in *Omelenchuk* stems in part from our passing references to § 5852 as creating a 'limitation period.' " *Id.* at 653. The Court clarified that MCL 600.5852 does not create a separate limitations period, but is a saving statute. *Id.* at 654. The Court held, "To the limited extent . . . *Omelenchuk* might be viewed as sanctioning application of the notice tolling provision to the wrongful death saving provision, it is hereby overruled." *Id.* at 655.

As mentioned previously, the medical malpractice period of limitations in this case expired on January 19, 2003. Therefore, plaintiff would have had to provide his notice of intent before this date to avail himself of the tolling provision of MCL 600.5856(d). *Waltz, supra* at 651. Because plaintiff did not provide the notice of intent until May 9, 2003, MCL 600.5856(d) does not apply. To avail himself of the saving provision of MCL 600.5852, plaintiff had to file his complaint within two years of being appointed personal representative of the

estate, i.e., by July 5, 2003. Plaintiff did not file his complaint until October 20, 2003. Therefore, under *Waltz*, plaintiff's complaint is time-barred.

### C. RETROACTIVITY OF *WALTZ*

Plaintiff, however, contends that *Waltz* should be applied prospectively and should not affect this case. We disagree.

"Judicial decisions generally are given full retroactive effect." *Holmes v Michigan Capitol Med Ctr*, 242 Mich App 703, 713; 620 NW2d 319 (2000). "Prospective application is a departure from this usual rule and is appropriate only in 'exigent circumstances.' " *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 586; 702 NW2d 539 (2005) (citation omitted). Prospective application is generally limited to decisions that overrule *clear and uncontradicted* case law, *id.* at 587, or decisions that address an issue of first impression whose resolution was not clearly foreshadowed, *Lindsey v Harper Hosp*, 455 Mich 56, 68; 564 NW2d 861 (1997). Our Supreme Court has listed three factors to be weighed when considering whether a case warrants prospective application: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactive application on the administration of justice. However, these factors are only considered after the threshold question of whether the decision clearly established a new principle of law. *Pohutski v City of Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002).

In *Ousley v McLaren*, 264 Mich App 486, 493-495; 691 NW2d 817 (2004), this Court determined that *Waltz* did not overrule clear and uncontradicted case law, but clarified confusing and imprecise dicta from *Omelenchuk*, and, to the extent that *Waltz* decided an issue of first impression, it was clearly foreshadowed "by the

previous decision holding that § 5852 is a saving provision, not a statute of limitations or repose." Therefore, this Court held that *Waltz* applies retroactively. *Id.* at 495. This Court, relying on *Ousley*, again determined in *Farley, supra* at 574, that *Waltz* applies retroactively. See also *McMiddleton v Bolling*, 267 Mich App 667, 671; 705 NW2d 720 (2005); *Lentini v Urbancic (On Remand)*, 267 Mich App 579, 582 n 3; 705 NW2d 701 (2005). Further, this Court in *McLean v McElhaney*, 269 Mich App 196, 200; 711 NW2d 775 (2005), accurately noted that "in three orders entered the same day, the Supreme Court remanded cases to this Court for consideration as on leave granted, with the specific direction that *Waltz* be given full retroactive application," citing *Wyatt v Oakwood Hosp & Med Centers*, 472 Mich 929 (2005), *Evans v Hallal*, 472 Mich 929 (2005), and *Forsyth v Hopper*, 472 Mich 929 (2005).

This Court is bound to follow the rule of law established by a published decision of the Court of Appeals issued on or after November 1, 1990. MCR 7.215(J)(1). Accordingly, we are required to follow *Ousley*. Because *Waltz* did not clearly establish a new principle of law, consideration of the factors listed in *Pohutski* was not necessary. It also appears manifest that our Supreme Court intended *Waltz* to apply retroactively from the remand orders in *Wyatt*, *Evans*, and *Forsyth*. Orders of our Supreme Court with an understandable rationale constitute binding precedent. *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 196; 650 NW2d 364 (2002).

We note that, in *Mullins v St Joseph Mercy Hosp*, 269 Mich App 586 ; 711 NW2d 448 (2006), the majority declared a conflict with *Ousley*. Thereafter, this Court entered an order convening a special panel under MCR 7.215(J) to resolve the conflict between *Mullins* and *Ousley*, i.e., to consider whether *Waltz* should be given

retroactive effect. *Mullins v St Joseph Mercy Hosp*, 269 Mich App 801 (2006). However, unless and until *Ousley* is vacated, we are required to follow *Ousley*, which is still binding precedent under MCR 7.215(J)(1).

Plaintiff also argues that applying *Waltz* retroactively denies him his constitutional right to due process of law because applying *Waltz* shortens the period of limitations for his claim by 182 days. We disagree. The period of limitations for a medical malpractice case is still two years, with tolling allowed if a notice of intent is sent within the period of limitations. The only period being shortened is the *saving period* of MCL 600.5852. The Court in *Waltz, supra* at 652 n 14, rejected a similar argument that its decision shortened the two-year period under MCL 600.5852. Therefore, we reject plaintiff's argument that applying *Waltz* denied him due process.

Plaintiff also argues that there was a change in the statute of limitations with *Waltz* and that courts are to apply the statute of limitations in effect at the time the cause of action arose, which, in this case, would allow tolling of the wrongful death saving period. Plaintiff correctly asserts that "the applicable statute of limitations is the one in effect when the plaintiff's cause of action arose." *Rzadkowolski v Pefley*, 237 Mich App 405, 411; 603 NW2d 646 (1999). However, the statutory period of limitations for plaintiff's medical malpractice action was always two years under MCL 600.5805(6). The statute of limitations for medical malpractice actions did not change with the decision in *Waltz*. *Waltz* only construed the saving provision of MCL 600.5852. Therefore, the statute of limitations in effect at the time the cause of action arose was the same as the statute of limitations that the trial court applied to plaintiff's case.

D. EQUITABLE TOLLING

Plaintiff also contends that the trial court should have denied defendants' summary disposition motion on the basis of judicial tolling. Since this appeal was filed, this Court issued its opinion in *Mazumder*, in which a majority of the panel invoked equitable tolling as a basis for post-notice-of-intent tolling of the wrongful death saving period, MCL 600.5852, under MCL 600.5856(d). Though we are required to follow it, we disagree with the majority's decision in *Mazumder*.

1. SUMMARY OF *MAZUMDER* MAJORITY'S DECISION

In *Mazumder*, the plaintiff alleged that the defendants' medical malpractice caused the wrongful death of the decedent on June 3, 2000. On May 2, 2002, the plaintiff was appointed personal representative of the decedent's estate. On April 27, 2004, the plaintiff sent the defendants notice of her intent to file a medical malpractice claim. On October 21, 2004, the plaintiff filed suit. *Mazumder, supra* at 47. On appeal of the trial court's denial of the defendants' motions for summary disposition pursuant to MCR 2.116(C)(7), this Court confronted the

> question . . . whether plaintiff's wrongful death medical malpractice action is properly dismissed after the decision in *Waltz* because the 182-day statutory tolling period, MCL 600.5856, on which plaintiff relied in calculating the period of limitations for filing her action was no longer applicable, and thus the saving period for filing a wrongful death action, MCL 600.5852, expired during the required 182-day statutory notice period for filing a medical malpractice action, MCL 600.2912b. [*Mazumder, supra* at 45.]

The Supreme Court decided *Waltz* on April 14, 2004, shortly before the plaintiff provided the defendants with notice of intent to file a malpractice claim. *Mazumder, supra* at 47, 54.

The *Mazumder* majority acknowledged that, in *Ousley* and subsequent decisions, this Court had affirmed that *Waltz* applies with full retroactivity. *Mazumder, supra* at 44-47.[4] The *Mazumder* majority further acknowledged that, according to this precedent, the two-year wrongful death saving period, MCL 600.5852, was not tolled under MCL 600.5856(d) after the plaintiff sent notices of intent to sue, MCL 600.2912b, and the plaintiff's complaint would be considered untimely. *Mazumder, supra* at 47-50.

Nevertheless, the Court in *Mazumder* reasoned that "given the widespread recognition within the bench and bar of notice tolling during the saving period before the decision in *Waltz,* and the injustice that results from ignoring that recognition, plaintiff is entitled to equitable relief." *Id.* at 48. In support of this holding, the Court, in part IV(E) of its decision, relied on (1) the dicta in *Omelenchuk* suggesting that MCL 600.5852 set forth a period of limitations, *Mazumder, supra* at 54-55; (2) two published decisions and five unpublished opinions of this Court purportedly following the *Omelenchuk* dicta, *Mazumder, supra* at 55 n 10; and (3) *Morrison v Dickinson,* 217 Mich App 308; 551 NW2d 449 (1996), for the proposition that "the Legislature's intent was that the 182-day notice provision [MCL 600.2912b] would be counterbalanced by the 182-day tolling provision [MCL 600.5856]," both of which were enacted by 1993 PA 78, *Mazumder, supra* at 58.

In part IV(F) of the majority opinion in *Mazumder,* this Court reviewed the circumstances in which a court may apply the equitable or judicial tolling doctrine, and concluded that the doctrine applied in *Mazumder* be-

---

[4] This Court in *Mazumder* also cited the Michigan Supreme Court's orders in *Forsyth, Wyatt,* and *Evans* that directed this Court to apply *Waltz* retroactively. *Mazumder, supra* at 45 n 2.

cause, in light of the *Omelenchuk* dicta and subsequent decisions apparently adopting it, the plaintiff understandably "relied on the courts' repeated recognition and the general understanding among the bench and bar that tolling applied under the circumstances of this case." *Id.* at 59-62. Among other authority,[5] this Court cited *Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411; 684 NW2d 864 (2004), for the proposition that equitable tolling would excuse a plaintiff's failure to satisfy the applicable period of limitations when the failure stemmed from the plaintiff's " 'understandable confusion about the legal nature of her claim . . . .' " *Mazumder, supra* at 59, quoting *Bryant, supra* at 432.[6]

---

[5] The Court in *Mazumder, supra* at 59-60, also cited *Pohutski,* in which the Supreme Court, contrary to 14 years of consistent Supreme Court and Court of Appeals precedent, eliminated the trespass-nuisance exception to governmental immunity on the basis that the plain language of the governmental tort liability act did not contemplate the trespass-nuisance exception. *Pohutski, supra* at 678-679, 689-690, 693-699 (applying its ruling prospectively in light of the "extensive reliance" on the incorrect statutory interpretation the Supreme Court announced in 1988 and the "longstanding" nature of the incorrect interpretation).

[6] In *Bryant,* the Supreme Court primarily analyzed the distinctions between a medical malpractice claim and a claim of ordinary negligence. *Id.* at 420-432. The Supreme Court determined that, although the plaintiff had brought an action for ordinary negligence, several of her allegations sounded in medical malpractice and that the two-year medical malpractice period of limitations in MCL 600.5805(6), as well as the wrongful death saving period in MCL 600.5852, had expired. *Id.* at 424-432. The Supreme Court nonetheless reasoned that

> [t]he equities of this case . . . compel a different result. The distinction between actions sounding in medical malpractice and those sounding in ordinary negligence is one that has troubled the bench and bar in Michigan, even in the wake of our opinion in *Dorris* [*v Detroit Osteopathic Hosp Corp*, 460 Mich 26; 594 NW2d 455 (1999)]. Plaintiff's failure to comply with the applicable statute of limitations is the product of an understandable confusion about the legal nature of her claim, rather than a negligent failure to preserve her rights. Accord-

2. BINDING PRECEDENT REGARDING EQUITABLE
TOLLING IGNORED BY *MAZUMDER* MAJORITY

A fatal flaw in the application of equitable tolling in *Mazumder* is that the majority neglected to completely examine and apply controlling precedent limiting the equitable tolling doctrine. The Michigan Supreme Court has held that equitable tolling cannot apply when a statute setting forth an applicable period of limitations contains no language contemplating equitable tolling. The majority opinion in *Mazumder* failed to acknowledge these Michigan Supreme Court cases and the limitation they place on equitable tolling.

Equitable or judicial tolling does not apply when a clear and unambiguous statute sets forth the applicable period of limitations and the statute does not "hint . . . that the Legislature intended that there be any tolling of that time." *Secura Ins Co v Auto-Owners Ins Co*, 461 Mich 382, 387; 605 NW2d 308 (2000). In *Garg v Macomb Co Community Mental Health Services*, 472 Mich 263, 266; 696 NW2d 646 (2005), the Supreme Court overruled the "continuing violations" doctrine of *Sumner v Goodyear Tire & Rubber Co*, 427 Mich 505; 398 NW2d 368 (1986), as inconsistent with the language of the statute of limitations, MCL 600.5805(1) and (10). The Supreme Court noted the following at the conclusion of its period of limitations analysis:

> ingly, for this case and others now pending that involve similar procedural circumstances, we conclude that plaintiff's medical malpractice claims may proceed to trial along with plaintiff's ordinary negligence claim. MCR 7.316(A)(7). However, in future cases of this nature, in which the line between ordinary negligence and medical malpractice is not easily distinguishable, plaintiffs are advised as a matter of prudence to file their claims alternatively in medical malpractice and ordinary negligence within the applicable period of limitations. [*Bryant*, *supra* at 432-433.]

This Court has rejected similar attempts to modify statutes of limitations. See ... *Secura Ins Co* [*supra* at 387-388] (holding that the doctrine of judicial tolling cannot be applied in the absence of statutory language permitting such tolling) .... While the judicial temptation to relax a statute of limitations may be understandable in the context of a lawsuit in which a plaintiff, alleging that he or she has suffered a serious wrong, has been denied his or her day in court, the costs involved in terms of undermining the clarity and predictability of the law, allowing stale complaints to proceed, and injecting uncertainty into a myriad of legal relationships, are considerable, not to mention that a court that does so would be exercising "legislative," not "judicial," power. See Const 1963, art 3, § 2; art 4, § 1; art 6, § 1. [*Garg, supra* at 285 n 12.]

In *Devillers, supra* at 564, the Supreme Court overruled its prior holding in *Lewis v DAIIE*, 426 Mich 93; 393 NW2d 167 (1986), on the basis that the Court in *Lewis* improperly had imposed onto the "one-year-back" period of limitations in MCL 500.3145(1) "a judicial tolling doctrine under which the one-year statutory period is tolled from the time a specific claim for benefits is filed to the date the insurer formally denies liability." The Supreme Court in *Devillers* determined that, contrary to the plain language in MCL 500.3145(1),

[t]he *Lewis* majority *impermissibly legislated from the bench* in allowing its own perception concerning the lack of "sophistication" possessed by no-fault claimants, as well as its speculation that the average claimant expects payment without the necessity for litigation, *to supersede the plainly expressed legislative intent that recovery of PIP benefits be limited to losses incurred within the year prior to the filing of the lawsuit.* [*Devillers, supra* at 582-583 (emphasis added).]

The Supreme Court's holding in *Devillers* supports the conclusion that equitable or judicial tolling does not

apply in this case because the plain language in the relevant statutes, MCL 600.5805(5), 600.5852, and 600.5856, does not contemplate the possibility of judicial tolling. See *Mazumder, supra* at 71 (HOEKSTRA, P.J., dissenting) (opining that "[a]s in *Devillers*, an application of the doctrine of equitable tolling here would result in the 'categorical redrafting' of the plain and unambiguous language employed in both MCL 600.5856(d) and MCL 600.5852," which "relief is beyond the authority of this Court").

Furthermore, the Supreme Court in *Devillers* expressly distinguished *Bryant*, in which the Court found that, in light of the plaintiff's understandable confusion regarding the nature of her claims, i.e., whether medical malpractice or ordinary negligence, "[t]he equities of this case" warranted suspension of the applicable periods of limitations. *Bryant, supra* at 432. The Supreme Court in *Devillers* explained in relevant part that, unlike the involvement of the plain statutory language of MCL 500.3145(1) in the case before it, "in *Bryant*, there was no controlling statute negating the application of equity." *Devillers, supra* at 591 n 65. In *Titan Ins Co v North Pointe Ins Co*, 270 Mich App 339; 715 NW2d 324 (2006), this Court recognized "that equitable tolling cannot be applied to unambiguous statutory language." *Id.*, at 345, citing *Devillers, supra* at 586. This Court affirmed "the trial court's determination that plaintiff was attempting to expand the statute [MCL 500.3145(1)] by adding a tolling provision and that, because the statute was unambiguous, further interpretation was not permitted." *Titan Ins Co, supra* at 346.

In summary, the majority in *Mazumder* ignored the controlling Michigan Supreme Court precedent in *Devillers, Garg*, and *Secura Ins Co*, which dictates that, in

the absence of any hint that the Legislature intended for equitable or judicial tolling to apply, a court may not apply tolling contrary to the plain statutory language of MCL 600.5852 and 600.5856. The majority in *Mazumder* seems also to have disregarded the well-established principle that "the doctrine of stare decisis requires [the Court of Appeals] to follow the majority decisions of the [Michigan] Supreme Court, even when [the Court of Appeals] disagree[s] with them." *Detroit v Vavro*, 177 Mich App 682, 685; 442 NW2d 730 (1989); see also *Boyd v W G Wade Shows*, 443 Mich 515, 523; 505 NW2d 544 (1993) (restating the principles that "it is the Supreme Court's obligation to overrule or modify case law if it becomes obsolete, and until this Court takes such action, the Court of Appeals and all lower courts are bound by that authority" and that, although "the Court of Appeals may properly express its belief that a decision of [the Supreme] Court was wrongly decided or is no longer viable, that conclusion does not excuse the Court of Appeals from applying the decision to the case before it").

### 3. QUESTIONABLE MERITS OF *MAZUMDER* MAJORITY'S EQUITABLE TOLLING ANALYSIS

With respect to the majority's equitable tolling analysis in *Mazumder*, we also note that the majority concluded that the plaintiff justifiably relied on the confusing dicta in *Omelenchuk*, but the majority failed to recognize or address the Supreme Court's pre-*Omelenchuk* characterization of MCL 600.5852 as a saving provision, not a statute of limitations. *Lindsey*, *supra* at 58-69.[7] We agree with Judge HOEKSTRA, who provided the dissenting opinion in *Mazumder*:

---

[7] Neither the majority opinion in *Mullins* nor the dissent in *McLean*, *supra* at 204-208 (O'CONNELL, P.J., dissenting), to which the majority in

Here, plaintiff maintains that she reasonably relied on *Omelenchuk* to conclude that the notice tolling provisions of MCL 600.5856(d) apply to the period for commencing a wrongful death action under MCL 600.5852. However, as recognized by the courts in both *Waltz* and *Ousley*, any such implication by the Court in *Omelenchuk* was expressed in dicta that clearly contradicted the clear and unambiguous language employed in MCL 600.5856(d) and MCL 600.5852, as well as the characterization of MCL 600.5852 as a statute of limitations "saving provision" and an "exception" to the statute of limitations in *Lindsey*, which was decided before *Omelenchuk*, and in *Miller*, which was decided after *Omelenchuk*. *Under such circumstances, it cannot be said that plaintiff exercised reasonable diligence in the timely pursuit of her claim, in choosing to rely on* Omelenchuk *to* afford *the relevant statutes a broad interpretation not supported by the plain language of the statute, such that the interests of justice require the application of the doctrine of equitable tolling.* Indeed, as recognized by the Court in *Waltz*, and again by this Court in *Ousley*, a diligent and reasonable reading of the relevant precedents and statutory language plainly advises that a medical malpractice plaintiff's filing of a notice of intent to sue does not toll the wrongful death saving provision. [*Mazumder, supra* at 69 (HOEKSTRA, P.J., dissenting) (citations omitted; emphasis added).]

Given (1) that the plain language of MCL 600.5852 and 600.5856 does not contemplate equitable or judicial tolling and (2) the interrelationship of *Lindsey, Omelenchuk*, and *Miller* (discussed in Judge HOEKSTRA's dissent in *Mazumder*), which does not give rise to a reasonable basis for a belief that *Omelenchuk* implicitly overruled *Lindsey*, we disagree that applying the statutory period of limitations to cases like *Mazumder* would occasion

*Mullins* refers, mentions the Supreme Court's 1997 *Lindsey* characterizations of MCL 600.5852 as a saving provision, distinct from a statute of limitations.

some fundamental unfairness or warrant the extraordinary application of the equitable or judicial tolling doctrine.

### III. CONCLUSION

For the reasons stated above, we believe that *Mazumder* was wrongly decided. Although we disagree with *Mazumder*, we nonetheless follow it as required by MCR 7.215(J)(2). Accordingly, we conclude that the trial court should have denied defendants' motions for summary disposition on the basis that, although the statutory period of limitations expired, it was tolled by principles of equity, thereby rendering plaintiff's complaint timely. We recommend that this case be submitted to a special conflict panel pursuant to MCR 7.215(J)(3).

Reversed and remanded. We do not retain jurisdiction.