# STATE OF MICHIGAN

# COURT OF APPEALS

LAWRENCE LYNELL SIMMONS,

Petitioner-Appellant,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES/OFFICE OF CHILD SUPPORT
CENTRAL OPERATIONS,

Respondent-Appellee.

UNPUBLISHED
February 28, 2017

No. 329955
Kalamazoo Circuit Court
LC No. 2015-000159-AA

Before: BORRELLO, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Petitioner appeals as of right from the trial court's order affirming the decision of respondent, Department of Health and Human Services, Office of Child Support Central Operations (OCS), to place a lien on petitioner's credit union account for the amount of $1,850.90 for unpaid child support. For the reasons set forth in this opinion, we affirm.

On August 13, 1990, the trial court entered an order of filiation determining petitioner to be the father of a minor child who was born on November 13, 1987. The order required petitioner to pay $20 a week in child support until the child reached the age of 18.

On March 18, 2015, OCS sent a notice of lien to petitioner's financial institution, Kalsee Credit Union, as a result of an unpaid child support order pursuant to MCL 552.625a and MCL 552.625c. The notice provided that as of March 16, 2015, petitioner owed unpaid child support in the amount of $17,480.38, and mandated that funds in the amount of $1,850.90 be frozen.

On March 31, 2015, petitioner sought administrative review of the lien, arguing that he was not the owner of the funds in the account. OCS denied the request because petitioner did not provide documentation to support his claim that there was a mistake of fact regarding the amount of overdue support or petitioner's identity.

Petitioner filed a claim of appeal in the trial court on April 17, 2015, challenging OCS' denial of his request for administrative review. On June 15, 2015, OCS moved to affirm the seizure of petitioner's financial assets and to dismiss petitioner's action in the trial court. OCS argued that the records of the Kalamazoo County Friend of the Court showed that petitioner

-1-

owed in excess of the $1,850.90 seized from his account and that there was no mistake as to the amount of the unpaid child support.

On June 22, 2015, the trial court held a hearing on OCS' motion to affirm the seizure of petitioner's financial assets and to dismiss his cause of action and denied the motion, reasoning that the motion was premature. The court also noted that the record was missing a copy of the original support order. Subsequently, petitioner moved to compel OCS to produce a certified copy of the record. In a response motion, OCS submitted screen shots from the Michigan Child Support Enforcement System (MiCSES) database showing that there was a valid child support order and that petitioner owed unpaid child support. At a hearing, the trial court indicated that it was satisfied that the record complied with MCR 7.109(A)(2) and denied petitioner's motion to compel a certified copy of the record.

Thereafter, petitioner moved for immediate reconsideration and peremptory reversal and the court denied both motions. Petitioner then filed a complaint for mandamus in this Court, which this Court denied.[1]

On September 15, 2015, the trial court affirmed the decision of OCS, concluding that the 1990 child support order remained valid. The trial court noted that although "new child support payment requirements did not accrue after [petitioner's] daughter reached 18 years of age," petitioner was not absolved "of his obligation to pay for the child support that was due and remains unpaid from before his daughter reached 18 years of age." Accordingly, the lien was authorized by law. The court entered an order on September 15, 2015. Petitioner filed a claim of appeal on October 30, 2015.[2]

On appeal, petitioner asserts that the child support order at issue terminated when the child turned 18, which occurred on November 13, 2005. As a result, petitioner argues, he was no longer obligated to make any payments after that date. Petitioner's arguments are devoid of merit.

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clearly erroneous standard of review." *Vanzandt v State Employees Retirement System*, 266

---

[1] *Simmons v Kalamazoo Circuit Court Judge*, unpublished order of the Court of Appeals, entered August 25, 2015 (Docket No. 328671).

[2] Petitioner moved for punitive damages and for peremptory reversal. Those motions were denied. *Simmons v Office of Child Support Central Operations*, unpublished order of the Court of Appeals, entered March 23, 2016 (Docket No. 329955); *Simmons v Office of Child Support Central Operations*, unpublished order of the Court of Appeals, entered August 23, 2016 (Docket No. 329955). This Court also denied petitioner's motion for reconsideration. *Simmons v Office of Child Support Central Operations*, unpublished order of the Court of Appeals, entered October 19, 2016 (Docket No. 329955).

Mich App 579, 585; 701 NW2d 214 (2005). Clear error occurs where, "after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." *Id*.

The trial court properly affirmed the decision of OCS. Pursuant to MCL 600.5809(4), the statute of limitations for an action to enforce a child support order "is 10 years from the date that the last support payment is due under the support order regardless of whether or not the last payment is made." Here, the last child support payment was due on November 13, 2005, the date of the child's 18th birthday. As a result, the statute of limitations period began to run on November 13, 2005, and ended on November 13, 2015. MCL 600.5809(4). OCS placed the lien on petitioner's account on March 18, 2015, which was within the 10-year period of limitations. As a result, the lien was authorized by law and petitioner's arguments to the contrary are devoid of merit. See *Rzadkowolski v Pefley*, 237 Mich App 405, 411; 603 NW2d 646 (1999) (concluding that under MCL 600.5809(4), the parent would have "ten years after [the child] turned eighteen[] to seek enforcement of the entire arrearage" of child support payments). The trial court did not err by affirming OCS' administrative order.[3]

Affirmed. Appellee having prevailed, may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Kelly

---

[3] In its brief on appeal, OCS requests relief in the amount of $600 for the attorney time expended in having to defend this appeal pursuant to MCR 7.216(C), which allows this Court to award actual and punitive damages when it determines that an appeal was vexatious. However, a party seeking damages under MCR 7.216(C) "must file a motion under MCR 7.211(C)(8)." *Fette v Peters Const Co*, 310 Mich App 535, 553; 871 NW2d 877 (2015). "A request that is contained in any other pleading, including a brief . . . will not constitute a motion under this rule." MCR 7.11(C)(8). Accordingly, OCS' request for relief is improper and we reject the request.